### No. 2520.

### D. O. CHATOR v. BRUNSWICK-BALKE-COLLENDER COMPANY.

1. CHATTEL MORTGAGE—SECONDARY EVIDENCE—LOCALITY OF PERSON-ALTY.—Suit upon promissory notes against maker and to foreclose a chattel mortgage made to secure the notes, the purchaser of the mortgaged articles was made defendant. The mortgage was attested by one witness and not acknowledged for record. The original, however, was deposited in the office of the county clerk of the county wherein by its recitals, the maker resided. The defendants pleaded a general denial, held,

(1) There being no plea of non est factum, the production of the mortgage in evidence was competent against the maker without further proof of its execution.

(2) The admission of testimony to the signature of the maker by witnesses other than the subscribing witnesses was not erroneous where it appeared that the subscribing witness was without the jurisdiction of the court. (See facts held, sufficient to show his absence.)

(3) The acknowledgment or proof for registration is not necessary where the original of a chattel mortgage is deposited with the county clerk of the proper county. This disposition of the mortgage is notice.

(4) The mortgage recited the residence of the maker. This is prima facie evidence to the locality of the property, indicating where the mortgage should be deposited as a record.

ERROR from Bowie. Tried below before the Hon. W. P. Mc-Lean.

Plaintiff in error was a defendant below, and a purchaser of the personal property sought to be subjected to a mortgage by his vendor to the plaintiff. The defendants below (who were the maker of the notes and of the mortgage sued on, and the purchaser), only pleaded a general denial.

The findings of fact by the court are as follows:

"1.   Defendant Dowsing executed the three notes sued on and owes the amount of same.

"2.   He executed the mortgage described in plaintiff's petition on the eleventh day of February, 1887, on the property described in the petition to secure the notes sued on and other indebtedness.

"3.   The original mortgage was duly registered in the county clerk's office, in the proper book, on the eleventh day of February, 1887; all in Bowie county, the county in which the property is and was at the date of the mortgage.

"4.   Defendant Chaytor purchased the property mortgaged from Dowsing after registration of the mortgage."

Judgment was rendered against Dowsing for the money, and against both, Dowsing and Chaytor, foreclosing the mortgage. Chaytor alone complains.

*Todd & Hudgins,* for plaintiff in error, cited Revised Statutes, 4334; 1 Greenl. Ev., sec. 569, 10 ed.; Revised Statutes, 2257; Acts 16 Leg., chap. 127, sec. 1; Rowe v. Collier, 25 Texas, Sup., 252; H. & T. C. R'y Co. v. Schmidt, 61 Texas, 285; Chandler v. Meckling, 22 Texas, 42.

*Talbot & Turner,* for defendant in error: Acts 16 Leg., chap. 127, sec. 2; Brothers v. Mundell, 60 Texas, 240; Hall v. Phelps, 2 John., 451; 1 Best on Ev., secs. 220, 221; 2 Id., sec 527; Revised Statutes, 2262.

GAINES, ASSOCIATE JUSTICE. This suit was brought in the court below by the Brunswick-Balke-Collender Company, a corporation, against J. M. Dowsing and D. O. Chaytor, to recover the amount of three promissory notes executed by Dowsing, payable to the company, and to foreclose a chattel mortgage upon certain saloon furniture alleged to be in possession of Chaytor. To the petition the defendants pleaded jointly a general denial. The judgment was for the plaintiff for the recovery of the debt, interest and attorney's fees, as provided in the contract, and for the enforcement of the mortgage against both defendants by a sale of the property.

The assignments of error raise the questions of the sufficiency of the proof of the execution of the mortgage to admit it in evidence, and of the sufficiency of the evidence to support a judgment of foreclosure against Chaytor.

The mortgage was made a part of the petition, and was alleged to have been executed by defendant Dowsing. There being no plea of non est factum, verified by oath, no proof of execution was necessary as to him. (Rev. Stats., art. 1265.) If it be conceded that, under the pleadings, it was incumbent upon the plaintiff to prove the execution of the instrument by Dowsing so as to enforce it against Chaytor, we think the proof was sufficiently made. It was attested by one subscribing witness, and it was shown by the declarations of Dowsing, admitted without objection, that the witness was a resident of the State of Ohio. He was probably the agent of the plaintiff who filed the mortgage, and who, as the clerk testified, was a stranger—at least, as to him. The evidence also shows that both Dowsing and Chaytor were in the court room just before the trial began, and that they left promptly, and could not be found to give testimony as the trial progressed. A subpœna had issued for both of them on behalf of the plaintiff, and had been served upon Dowsing. Under these circumstances we think the court was warranted in concluding prima facie that the subscribing witness was beyond the jurisdiction of the court, and in admitting proof of Dowsing's signature to the mortgage by persons who knew his hand writing. Two of the witnesses swore positively to his signature, after having properly qualified themselves to testify as to the fact. There was no conflicting evidence. This was sufficient proof to admit the mortgage in evidence; and it is not important whether the evidence of Dowsing's admissions as to its execu-

tion were properly admitted or not. The case was tried before the judge without a jury, and even if improper evidence had been admitted upon this point, it did not operate to the prejudice of the plaintiff in error.

It is also urged that the mortgage having neither been acknowledged nor proved under the statutes for the registration of deeds, was not properly recorded, and, therefore, was not notice to Chaytor. The statute for the registration of chattel mortgages prescribes that the registration may be effected by filing with the county clerk either the original or a copy of the instrument (Sayles' Rev. Stats., art, 3190b, sec. 1), but also provides that "a copy can only be filed when the original has been acknowledged." (Id., art. 3190b, sec. 2.) If the original is deposited it is not necessary that it should either be acknowledged or proved. The provision being express that the mortgage shall be authenticated in order to warrant the registration of a copy, it is to be implied that no such authentication is necessary when the original is filed. The object of registration is merely to give notice, and it was doubtless considered that an original mortgage having the mortgagor's own genuine signature, would be as effectual for this purpose as if accompanied with his acknowledgment or the affidavit of a subscribing witness.

It is further claimed that the judgment is erroneous, because it was not proved upon the trial that the property was in Bowie county, where the mortgage was registered, or that Chaytor had in fact bought it subsequent to the execution of the mortgage or was setting up any claim to it. The defendants, as before remarked, pleaded only a general denial, and, it would seem, that if they proposed to defend upon the ground that the mortgage was not recorded in the proper county, they should have apprised the plaintiff of this by pleading the fact specially. But however this may be, the mortgage recites that the mortgagor, Dowsing, is of "Texarkana and the county of Bowie and State of Texas." This we think sufficient to show at least prima facie that the mortgagor was a resident of the State, and that the mortgage was registered in the county of his residence, as the statute requires. (2 Sayles' Rev. Stats., art. 3190b.)

It is also complained that the judgment is erroneous because there was no proof that Chaytor purchased the property after the mortgage was executed. That he did not purchase it before, we think, is shown by the recitation in the mortgage

that the notes secured by it were given for the purchase money of the property, and by the further fact that all the instruments bear the same date. The general denial interposed by defendant Chaytor puts in issue the plaintiff's right to enforce a lien upon the property; but does it put in issue the fact that he is setting up a claim to it? It however appears in evidence that after the mortgage was executed, Dowsing told the witness Cook that he had sold the property to Chaytor for four thousand seven hundred and fifty dollars. So much of the conversation between Dowsing and this witness as admitted the execution of the mortgage was objected to by defendant Chaytor; but no objection was interposed to the statement of Dowsing that he had sold to Chaytor. This testimony, though hearsay, was before the court, and under all the circumstances was amply sufficient to warrant the finding of the judgment upon the issue of the sale to Chaytor. The testimony leaves but little doubt that both defendants absented themselves from the court room at the time of the trial to avoid giving testimony in the case. Their failure to testify affords a strong presumption that as a matter of fact there was no defense to the action on part of either. We do not think the assignments that the judge's conclusions were without evidence, well taken.

There is no error in the rulings of the court which requires a reversal of the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered October 26, 1888.