**ALLNUTT et al. v. COMPTON.** (No. 7742.)

Court of Civil Appeals of Texas. San Antonio. March 30, 1927.

Rehearing Denied April 20, 1927.

1. Courts ⬅168—Foreclosure of laborers' lien on corn worth $1,080, besides 20 bales of cotton, held not within county court's jurisdiction.

Action to foreclose laborers' lien on farm crops *held* not within county court's jurisdiction, where evidence showed that foreclosure was on corn worth $1,080 besides 20 bales of cotton.

2. Courts ⬅169(2)—In foreclosing laborers' lien on crops, amount sued for and value of property foreclosed on must be considered, and greater determines jurisdiction of court.

In action to foreclose laborers' lien on farm crops, amount sued for and value of property sought to be foreclosed on must be considered in determining amount in controversy, and whichever is greater will determine jurisdiction of court.

3. Appeal and error ⬅782—Appellate court, being without jurisdiction, will dismiss appeal from judgment of county court without jurisdiction.

Where county court was without jurisdiction of action to foreclose laborers' lien on farm crops, Court of Civil Appeals is without jurisdiction of appeal from judgment therein, and will dismiss it.

Appeal from Frio County Court; John L. Pranglin, Judge.

Action by O. G. Compton against R. S. Allnutt and another. Judgment for plaintiff, and defendants appeal. Appeal dismissed.

Walter Stout, of Pearsall, for appellants.

Mason Maney, of Pearsall, and Emmett B. Cocke and Ben H. Kelly, both of San Antonio, for appellee.

COBBS, J. Appellee, as the owner and assignee of certain accounts of farm laborers, amounting to $734.05, sued the appellants to recover judgment and to foreclose the laborers' lien on the certain farm crops described in the petition, situated in Frio county. Appellee also sued Emmett B. Cocke, the other appellant, who had a mortgage lien upon said crops, which lien was alleged to be inferior to that of the plaintiff.

The county court of Frio county convened Monday August 23, 1926. The defendants, on August 24th, filed "defendant's original answer," which contained bound together in the order named: (1) Defendant Cocke's plea of privilege; (2) defendant Allnutt's plea of privilege; (3) general and special demurrers, general denial and special answer, with exhibits attached. On August 24th plaintiff filed his first supplemental petition, containing, among other things, controverting affidavits to said pleas of privilege. All parties being before the court on August 24th, the plea of privilege of R. S. Allnutt, after consideration by the court, was overruled, and the hearing of the case ordered to proceed with, to which the defendant Allnutt excepted, but gave no notice of appeal. During the trial of the cause, on August 25th, defendant Cocke filed his motion to quash citation served on him, and asked leave to withdraw his plea of privilege filed on August 24th, and the court overruled the motion to quash citation as coming too late, and overruled the new plea of privilege of said Cocke offered and filed on August 25th, during the progress of the trial, to which action of the court the defendant Cocke excepted, but gave no notice of appeal. The case then proceeded, resulting in a finding by the jury in favor of plaintiff, and judgment was rendered on said finding of the jury for plaintiff for $734.05. Motion for new trial on the main case, notice of appeal, and filing of supersedeas bond and cost bond by appellant Cocke bring the case before this court.

The amount in controversey is the alleged value of the chattels upon which a foreclosure is desired. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742. The failure to allege the value of the property was the failure to allege a matter that fixed the jurisdiction of the county court and constituted fundamental error. This is the tenor of the overwhelming weight of authority in Texas. Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Walker v. Raney (Tex. Civ. App.) 154 S. W. 317; Wilson v. Ford (Tex. Civ. App.) 159 S. W. 73; Marshal v. Stowers (Tex. Civ. App.) 167 S. W. 230; Rich-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ardson v. Hethcock (Tex. Civ. App.) 173 S. W. 1006; Lusk v. Hardin (Tex. Civ. App.) 176 S. W. 787.

[1] It seems from the testimony of Mr. Compton himself that the lien he was seeking to foreclose would be foreclosed on 20 bales of cotton, as he testified he would make one-half a bale to the acre, and on 1,800 bushels of corn, as he swore the 40 acres of corn would produce 45 bushels to the acre, to say nothing of the good crop of maize and cane he swore had been grown on the place. According to the record, there was no testimony as to the value of the maize and cane. Compton swore that the corn at the time of the trial was worth 60 or 65 cents a bushel. Even at 60 cents the corn alone was worth 1,080. Compton swore that the 20 bales of cotton was worth 17 cents a pound. There is no evidence in the record as to the weight of the cotton; but the court concludes that the cotton had some value to be added to the value of the cane and the maize, which is not shown by the record, and all of those to be added to the corn which the record shows to have a value of $1,080, which in itself exceeded the jurisdiction of the county court of Frio county.

[2, 3] This suit was brought upon the evident theory that the amount alone sued for controlled the jurisdiction of the county court. The amount sued for as well as the value of the property sought to be recovered or foreclosed upon must be considered in determining the amount in controversy, and whichever is the greater will determine the jurisdiction of the court in the particular case. For the reason stated, the county court was without jurisdiction, and, of course, this, on appeal therefrom, makes this court likewise without jurisdiction.

The judgment is that this proceeding be dismissed for want of jurisdiction.