## WHATLEY v. GUST. (No. 7800.)

Court of Civil Appeals of Texas. San Antonio. April 13, 1927.

**1. Courts ⟨key⟩170—County court held without jurisdiction in suit where only allegation of value of property in controversy was that plaintiff was damaged in sum of $900.**

County court held without jurisdiction to grant restraining order in suit in which only allegation of petition attempting to show value of property in controversy was that plaintiff had been damaged in sum of $900, since such allegation was conclusion of pleader, and it must affirmatively appear that amount sued for in county court is within jurisdiction of court.

**2. Courts ⟨key⟩169(2), 170—Amount sued for and value of property in controversy must be alleged, and greater determines jurisdiction in county court.**

In suit in county court, amount sued for, as well as amount or value of property in controversy, must be alleged, and whichever is greater will determine jurisdiction of court.

Appeal from Jim Wells County Court; H. R. Mullen, Judge.

Action by Ernst Gust against F. C. Whatley. A temporary restraining order was granted, and defendant appeals. Reversed, and cause dismissed.

Lloyd & Lloyd, of Alice, for appellant.

L. Broeter and M. E. Jenkins, both of Alice, for appellee.

COBBS, J. This is an appeal from a temporary restraining order by appellant granted to appellee.

As the case will be decided upon the question of jurisdiction, on fundamental error shown in the face of the petition, we here quote from it:

"That on or about the 25th day of October, A. D. 1926, plaintiff herein entered into an oral contract with defendant F. C. Whatley whereby defendant leased to plaintiff (60) acres of land, situated in Jim Wells county, Tex., out of what is known as the Jarrell farm, south of and adjoining the town site of Bentonville, in said Jim Wells county, Tex., for farming purposes, for a term of one year from and after said 25th day of October, A. D. 1926; said lease being upon the terms and conditions as hereinafter set forth.

"That on or about the 15th day of November, A. D. 1926, plaintiff herein entered into an oral contract with defendant F. C. Whatley, whereby defendant leased to plaintiff 40 acres of land, situated in Jim Wells county, Tex., out of what is known as the Jarrell farm, south of and adjoining the town site of Bentonville, in said Jim Wells county, Tex., said tract of 40 acres adjoining the above-described tract of 60 acres, for farming purposes for a term of one year from and after said 15th day of November, A. D. 1926, said lease being upon terms and conditions as hereinafter set forth.

"The terms and conditions of said two lease contracts as hereinabove alleged, being that said 100 acres of land should be cultivated on the 'halves,' that is, the plaintiff agreed to plant, cultivate, and gather all crops to be raised on said 100 acres of land during said year, and to break, plow, and plant said 100 acres of land during said year, and the defendant F. C. Whatley agreed to furnish all seed, farming implements, feed for teams, wagons, cultivators, housing quarters for the plaintiff, tools necessary for the proper cultivation of the said 100 acres of land, and, in addition thereto, the said F. C. Whatley agreed to obtain credit for plaintiff at the store in the town of Agua Dulce managed by Bill Phillips for at least the sum of $35 per month for a period of 12 months, beginning with the said 25th day of October, A. D. 1926; that by virtue of said contract the

plaintiff agreed to farm and cultivate the tract of land in a workmanlike manner to the best of his ability, and said contracts provided that the crops raised on said premises should be owned, one-half by the plaintiff, and one-half by the defendant.

"That, in pursuance of said contracts, plaintiff entered upon the premises with his family, and proceeded to break, plow, and prepare said 100 acres for cultivation, and proceeded to plant, cultivate, and raise the crops thereon, and the defendant, in pursuance of said contracts, furnished to the plaintiff four mules, plows, cultivators, implements, tools, and one wagon, seed for planting, and obtained credit for defendant at the said store in Agua Dulce, Tex., in the sum of $35 per month.

"This plaintiff says that he did at all times perform the duties and obligations under said contract, until he was prevented from so doing by the defendant F. C. Whatley, as is hereinafter more particularly set forth.

"Plaintiff says that, by virtue of the aforesaid contracts, he became entitled to the use and possession of said 100 acres of land as hereinabove described, together with the right to use and occupy a farmhouse located upon said farm, as well as the right to the use and possession of all teams, tools, implements, cultivators, and wagons necessary to be used in cultivating said land, and the right to plant, cultivate, and raise a crop for and during the pendency of said lease contracts, and was further entitled to said credit of at least $35 per month, at said store in Agua Dulce, and under said contract he became the owner and was entitled to the possession of one-half of all the crops, including cotton, corn, cane, cucumbers, feed, or all other crops raised, and to be raised, on said farm during the pendency of said lease contracts; that plaintiff has planted and cultivated about ――― acres of cotton, ――― acres of corn, and about ――― acres of feed on said land.

"Plaintiff further says that, after he had plowed and harrowed 25 acres of said land, but before he was able to plant the same, he was without just or legal cause forcibly deprived of the possession and use of the same by the defendant F. C. Whatley, and the said F. C. Whatley has planted cucumbers thereon.

"Plaintiff further says that heretofore, to wit, on or about 2 months prior to the filing of this petition, defendant F. C. Whatley in person demanded of plaintiff the surrender by plaintiff, and possession by defendant, of all of said 100 acres of land, and all teams, implements, and tools then in possession of plaintiff, and demanded of this plaintiff that he (plaintiff) take charge of a tract of land near Corpus Christi, in Nueces county, Tex., controlled by defendant, and that he (plaintiff) work for defendant in the illicit manufacture and sale of intoxicating liquors, all of which this plaintiff refused to do.

"Plaintiff further says that the defendant has breached said contracts, in that defendant forcibly deprived plaintiff from obtaining further supplies of food and credit at said store in Agua Dulce, in the said sum of $35 per month, all to plaintiff's loss and damage.

"That on or about the 16th day of March, A. D. 1927, the defendant attempted to forcibly take possession of the said land and premises, and attempted to eject this plaintiff therefrom, and, in so doing, the defendant attacked this plaintiff with a hammer, the same being a deadly weapon, and threatened to kill this plaintiff if he (plaintiff) did not deliver the possession of said premises to defendant.

"That on the 23d day of March, A. D. 1927, defendant F. C. Whatley, notwithstanding the rights of plaintiff herein, again attempted with force of arms to take possession of said lands and premises and to eject this plaintiff and his family therefrom, and, in the absence of plaintiff, the defendant F. C. Whatley, with force of arms, abused the wife of plaintiff, and used indecent and vile language, and applied opprobrious epithets to her in an effort to eject her from the premises.

"That this plaintiff has a good and growing crop upon said lands, and has faithfully and diligently cultivated the same in a good and workmanlike manner, until he was prevented from so further doing by this defendant; that plaintiff is a poor man, without funds, and is unable to secure further credit for the necessary food and supplies for himself and family, and teams and tools necessary to further cultivate the above-described lands and premises, and this plaintiff has been, at all times, and is now, ready to comply with his said contracts in all respects, and hereby tenders to this court a full and substantial compliance of the terms and conditions of the above contracts, in so far as he has not been prevented from so doing by the unjust and illegal acts of the defendant herein.

"That on or about the 7th day of March, A. D. 1927, the defendant F. C. Whatley, without just or legal cause, forcibly took possession of, and deprived plaintiff of, the use and possession of said four mules, all plows, cultivators, implements, and tools necessary to cultivate the said land, whereby this plaintiff, since said 7th day of March, A. D. 1927, has not been able to properly cultivate and care for said crops on said land, to plaintiff's loss and damage.

"Plaintiff further says that the defendant is threatening to eject by force of arms this plaintiff and his family from said premises, and to forcibly and illegally take possession thereof; that plaintiff has suffered, and will continue to suffer, irreparable injury and loss and damage, unless defendant is restrained, and for which plaintiff has no adequate remedy at law.

"That plaintiff has been damaged in the sum of nine hundred dollars.

"Wherefore, premises considered, the plaintiff prays that a temporary writ of injunction issue, restraining the defendant F. C. Whatley from:

"(a) Depriving this plaintiff or his family from the use and occupation of said house occupied by this plaintiff and his family, as well as the remainder of said tract of 100 acres of land now in the possession of plaintiff.

"(b) In any wise molesting, harassing, abusing, or injuring plaintiff or his family.

"(c) In any wise interfering with plaintiff or his family in the use, possession, cultivation, and harvesting of said crops now growing on said 100 acres of land.

"(d) In any wise interfering with, or further depriving, this plaintiff of securing said groceries and food supplies at said store in Agua Dulce, Tex., managed by Bill Phillips.

"(e) In any wise interfering with plaintiff in the use and possession of said mules, plows,

cultivators, and implements, or from removing the same from the said lands and premises.

"(f) This plaintiff further prays that a mandatory injunction issue, requiring the said F. C. Whatley to deliver to this plaintiff possession of the above-described 25 acres of land out of said 100 acres of land, as hereinabove alleged, said four mules, plows, cultivators, implements, and tools necessary to the cultivation of the said 100 acres of land, and to allow this plaintiff to ·peacefully go into possession of said 25 acres of land and said teams, implements, and tools, and to peacefully work and cultivate the said 100 acres of land.

"(g) Plaintiff further prays that defendant be cited to appear and answer this petition, and that he have judgment making said temporary writ of injunction perpetual, and for judgment for his damages and costs of suit and for such other and further relief, general and special, at law and in equity, that he may·be justly entitled to."

[1] The petition on its face fails to disclose the value of the property in controversy.

The general allegation in the fifteenth paragraph of the petition "that plaintiff has been damaged in the sum of nine hundred dollars" is a mere conclusion of the pleader, and cannot be looked to to answer the well-settled rule that the value of the property must be stated. The authorities cited by appellant in his brief thoroughly sustain the proposition, and we approve his statement that—

"No value whatever of the property, contracts and rights involved in this litigation is alleged. The jurisdiction of the county court is attempted to be fixed by appellee by paragraph 15 of his petition, which contains only 12 words, and is as follows: 'That plaintiff has been damaged in the sum of nine hundred dollars.'

"The value of the two contracts and rights thereunder are not alleged, the value of the house or the possession thereof is not alleged, the value of the various crops is not alleged, nor are the values of the mules and farming implements, or their use and possession, shown. Appellee endeavors to bestow jurisdiction on the county court by those twelve words above quoted, but most certainly the property just mentioned has considerable value, and they are the real subject-matter of the controversy, else appellee could not have suffered the alleged damages that he says he has.

"The Beaumont Court of Civil Appeals, in Tant v. Baldwin Piano Company, 217 S. W. 239, said:

" 'The county court, being a court of limited jurisdiction, it must affirmatively appear that the amount sued for is within the jurisdiction of the Court.' "

In a very recent opinion of this court, in the case of R. S. Allnutt v. O. G. Compton, 294 S. W. 244, delivered March 30, 1927, not yet [officially] published, we announce the same doctrine.

[2] The amount sued for, as well as the amount or value of the property in controversy, must be alleged so that whichever is the greater will determine the jurisdiction of the court in the particular case.

The injunction therefore was improperly granted, because of lack of jurisdiction of the trial court, which renders the court without jurisdiction, and the order of this court is that the judgment of the trial court be reversed, and said cause dismissed.