## LUNSFORD v. PEARCE. (No. 800.)

Court of Civil Appeals of Texas. Waco. June 20, 1929.

72

H. E. Chesley, of Hamilton, for appellant.
S. R. Allen, of Hamilton, for appellee.

STANFORD, J. This suit was filed by appellee against S. W. Lunsford upon an ac-

count for $117, and also upon a note for $200, executed by said S. W. Lunsford, payable to the order of appellee, providing for interest and attorney's fees, and alleged to be past due and unpaid, and to foreclose a chattel mortgage lien upon 205 acres of cotton. Appellant, H. C. Lunsford, intervened, and alleged that S. W. Lunsford was indebted to him in the sum of $191.85, the same being the balance due him by S. W. Lunsford for labor performed in the production of the cotton on which appellee claimed his mortgage lien, and that intervener had a laborer's lien on said cotton which was superior to appellee's mortgage lien.

The case was tried before the court without a jury, and judgment rendered in favor of appellee against S. W. Lunsford for the amount of the note and account sued upon, and also judgment was rendered in favor of H. C. Lunsford against S. W. Lunsford for $191.85. The court also held that appellee's mortgage lien on all of said cotton was a first and superior lien, and foreclosed both liens, but appellee's as a first and appellant's as a second lien. Intervener H. C. Lunsford alone has appealed, and presents the record here for review.

Under his first proposition, appellant contends in effect that, as the county court is a court of limited jurisdiction, it is necessary that the jurisdiction of such court be affirmatively shown by the pleadings. The record shows that appellee sued upon a note and an account, aggregating $327.33, and to foreclose a chattel mortgage securing said note on 30 acres of cotton raised on H. S. Perkins' farm, in Hamilton county, Texas, and a second mortgage on a 175-acre crop on the Jeschke farm, where defendant lived, in Hamilton county, Texas. The value of said crops on which the foreclosure was sought was nowhere alleged. It is well settled in this state that, in order to maintain a suit in a county court, a court of limited jurisdiction, the pleadings must affirmatively show jurisdiction in such court. It is also well settled that, when a suit is brought in a county court for debt and the foreclosure of any kind of a lien on personal property, except the landlord's lien, the value of such personal property must be alleged, because, if the value of the property on which a foreclosure is sought is greater than the amount sued for, then such value determines the question of jurisdiction of the county court; so both the amount sued for and the value of the personal property on which the foreclosure is sought should be stated and looked to, in determining whether or not such court has jurisdiction, and, if the value of such property is not stated, the county court cannot know whether it has jurisdiction or not. The jurisdiction of the county court is determined by the amount as stated in the pleadings, and not by the evidence of such amount, unless

by proper plea it is contended such amount was fraudulently stated for the purpose of conferring jurisdiction. This record fails to show any jurisdiction in the county court to hear and determine appellee's cause of action. Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457; Wilkerson et al. v. Huddleston, 258 S. W. 884; R. O. Kipp Co. et al. v. Anglin (Tex. Civ. App.) 270 S. W. 893; Allnut et al. v. Compton (Tex. Civ. App.) 294 S. W. 244; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224. We sustain this assignment. In fact, this was fundamental error, and would be considered in the absence of assignment.

What is said above applied with equal force to the claim of appellant, on which he sought and recovered judgment against S. W. Lunsford, and claimed and was awarded a foreclosure of his laborer's lien on all the crops grown on all the lands controlled by S. W. Lunsford during the year 1928. Appellant not having alleged the value of the crops on which he sought a foreclosure of his laborer's lien, there was no affirmative showing of jurisdiction to authorize the court to grant him the relief awarded. Article 1998, Revised Statutes.

As the pleadings do not affirmatively show that the county court did or did not have jurisdiction, we will not dismiss the case, but will reverse and remand, in order that the parties may, by amendment, if they can, affirmatively show jurisdiction in the county court, and, in view of another trial, we will dispose of other questions involved. Under his second proposition, appellant contends that appellee's mortgage was invalid, and the court erred in admitting it in evidence, because it was undated, did not disclose the mortgagee, properly describe or identify the property mortgaged, nor state the county in which it was located, etc. Appellee contends, in substance, that it was at least an equitable mortgage, and was good as against one having actual knowledge of its execution and the property intended to be covered. Said chattel mortgage, as shown by the record, does not disclose the day, month, nor year when it was executed. The property mortgaged is: "Thirty acres cotton on S. H. Perkins ——— until paid Wm. H. Pearce by S. W. Lunsford. This mortgage has note attached. Second lien on 176 acres where he is living known as Jeska farm." The instrument is signed by S. W. Lunsford, and purports to be given to secure appellee in the payment of a note for $200, given by S. W. Lunsford to appellee. Said instrument was filed in the chattel mortgage records of Hamilton county, April 18, 1928. It is true the mortgage was not dated, but the note it was given to secure was dated February 7, 1928, and said note was described in the mortgage, and S. W. Lunsford testified that he executed both instruments at the same

time. The mortgage does not state in what county the farms are located on which the cotton covered by the mortgage was grown, but states it was on the S. H. Perkins, and on the place on which he (the mortgagor) was living, known as the Jeschke farm.

Appellant, intervener, testified that he was employed during 1928 to work, and did work, both the Perkins and Jeschke farms in Hamilton county, Texas. Intervener testified further that he was employed to make the crop of 1928, that he understood that the mortgage was given for supplies for the family, and that "we would not have been able to make a crop, had we not secured these supplies. It was groceries and dry goods. Some of the dry goods were for me, and all our family lived off the groceries." Appellant, H. C. Lunsford, was a son of S. W. Lunsford and was about 23 years of age, and lived with his father's family. Appellant testified further: "I understood, at the time I sold the cotton and took the money, that there was a mortgage on it, given by my father to William H. Pearce. I knew of the mortgage being given about the time or soon after it was given." We think the mortgage was valid and properly admitted in evidence by the trial court. It is well settled in this state that as between the parties at least, parol evidence is admissible to remove uncertainty in a chattel mortgage or the description of property covered by it. Fort Worth Nat. Bank v. Red River Nat. Bank, 84 Tex. 369, 19 S. W. 517; Ranck v. Howard-Sansom Co., 3 Tex. Civ. App. 507, 22 S. W. 773.

■■■ Even as against a subsequent purchaser or mortgagee, any description which will enable such third party to identify the property by making such inquiries as the mortgage itself indicates, is sufficient. Harless v. Jester (Tex. Civ. App.) 97 S. W. 138; Farmers' & Mechanics' Nat. Bank v. Howell (Tex. Civ. App.) 268 S. W. 776, and cases cited; Perkins v. Alexander (Tex. Civ. App.) 209 S. W. 789. In passing upon the validity of a chattel mortgage as between the parties for lack of proper description of the property, we should bear in mind that such descriptions are to be interpreted in the light of the facts known to and in the minds of the parties at the time. Of course, at the time S. W. Lunsford executed the chattel mortgage to appellee, they both knew and understood where the mortgaged cotton was to be grown (Ranck v. Howard-Sansom Co., supra; Farmers' & Mechanics' Bank v. Howell, supra); and appellant admitted he knew of the mortgage at the time or soon after its execution, and contends his labor helped to produce the cotton mortgaged, and so he knew where it was to be grown. We think appellee's chattel mortgage was valid, and the trial court was correct in admitting same in evidence. We overrule this assignment.

■ Under his third proposition appellant contends, in effect, that the trial court erred in holding that appellee's mortgage lien was superior to his laborer's lien. The record shows that appellant was employed by his father, S. W. Lunsford, on October 1, 1927, to work for the latter as a farm hand for one year at $30 per month, same to be due when the first cotton of the 1928 crop was sold, and on the 1st day of October, 1928, when the first bale of cotton was sold, there was due appellant, under said contract, some payments having been made, $191.85. The record also shows that on October 1, 1927, appellant began work under said contract, plowing and otherwise preparing the land for the crops raised by his labor during the year 1928. The record shows further that the father, S. W. Lunsford, was aged and able to do but little work, and most of his time was required to attend to another son, who was blind and paralyzed, and had been so for a number of years, so the labor that produced the crops involved in this case was principally that of appellant, H. C. Lunsford.

Appellant and his father, S. W. Lunsford, had the right to make the contract of date October 1, 1927, by the terms of which appellant agreed, beginning on said date, to work as a farm hand for his father for one year for $30 per month, and they had the right by said contract to fix the due date for the payment for said year's work as of the date of the sale of the first bale of cotton of the 1928 crop, which proved to be October 1, 1928. Sparks v. Crescent Lumber Co., 40 Tex. Civ. App. 222, 89 S. W. 423 (writ refused); Neblett v. Barron, 104 Tex. 111, 134 S. W. 208. There can be no question but that, by reason of said contract and the performance of farm labor thereunder during said year in the production of the crops in question, under the provisions of article 5483, Revised Statutes 1925, appellant acquired a first lien on said crops.

■■■ But appellee contends appellant failed to comply with the provisions of article 5486 of the Revised Statutes of 1925 to fix and preserve his lien, and therefore, if he had any, it was subordinate to appellee's mortgage lien. But article 5486, Revised Statutes 1925, provides, in effect, that to fix and secure the laborer's lien he shall make duplicate accounts of the service rendered and present one of said duplicate accounts to his employer within 30 days after said indebtedness shall have "accrued," and within the same time file the other for record in the county clerk's office. The expression "accrued" as used in the statute, means the original maturity date of the amount owing for labor as same is fixed in the original contract, and has reference to the first vestiture of the right to demand and enforce payment. Security Trust Co. of Houston v. Roberts et al. (Tex. Com. App.) 208 S. W. 892. Appellant's wages for the year from October 1, 1927, to October 1, 1928, not accruing or maturing until October 1, 1928, he could not, prior to said last-named

date, have taken any steps to fix and preserve the lien given him by article 5483 of the Statutes, and in this case appellant had 30 days after October 1, 1928, in which to fix and preserve his lien, as prescribed by statute. Neblett v. Barron, 104 Tex. 111, 134 S. W. 208; Security Trust Co. v. Roberts (Tex. Com. App.) 208 S. W. 892; Sparks v. Crescent Lumber Co., 40 Tex. Civ. App. 222, 89 S. W. 423.

▉ But appellee's suit was filed seeking a foreclosure of his mortgage lien upon the crops involved, on October 4, 1928, and appellant intervened in said suit, setting up his laborer's lien and seeking a foreclosure of same on said crops, on October 16, 1928, and the case was tried and judgment rendered on October 23, 1928, seven days before the expiration of the time allowed by law for appellant to fix and preserve his laborer's lien. As above stated, it is the provision of our statute (article 5483), as applied to labor performed under a contract therefor, that creates the lien in favor of the laborer, which lien arises as of the date of the beginning of the labor under such contract, and continues, even though no steps be taken to fix and preserve same, for 30 days after the maturity of such claim for labor. Appellant's lien on the crops involved arose when he began his year's work under the contract therefor on October 1, 1927, and continued and was in full force and effect at the time this case was tried, October 23, 1928, and as appellant intervened in this suit on October 16, 1928, within the time allowed by statute to fix and preserve his lien, and sought a recovery of the amount due him for labor and a foreclosure of his laborer's lien, it was not necessary for him to take other steps to fix and preserve his lien. See concluding clause of article 5486, Revised Statutes 1925.

The purpose of article 5486, providing the method of fixing and preserving the laborer's lien, is to give constructive notice to third persons. Bassett v. Brewer (Bassett v. Bowers et al.) 74 Tex. 554, 12 S. W. 229; Kellam et al. v. Hardin (Tex. Com. App.) 285 S. W. 611. But the concluding clause of said article makes the filing of suit on a claim for labor such constructive notice. Appellee acquired no superior right nor lien by the filing of his suit on October 4, 1928, nor did he acquire any such right by appellant's failure to fix and preserve his lien by filing a copy of his claim in the clerk's office. Appellant's laborer's lien attached some four months prior to appellee's chattel mortgage lien, and it is the opinion of the writer that, under the facts above stated, the appellant's laborer's lien was superior to appellee's mortgage lien.

▉ However, if the above is not correct, as the record shows that on February 7, 1928, at the time appellee's mortgage was taken, and on April 18, when same was filed, appellant was engaged in work upon the lands on which the crops in question were produced, and had been so engaged since October 1, 1927, preparing said land for planting, and continued in control, planting and cultivating said crops, we think these facts, together with others that might be mentioned, were sufficient to put appellee upon inquiry as to appellant's rights in the crops his labor was producing, and appellee was chargeable with actual notice of such facts as such inquiry would have revealed. We think the evidence was ample to show that in law appellee had actual notice of appellant's laborer's lien at the time he took and filed his chattel mortgage. On the question of actual notice, see Hexter v. Pratt (Tex. Com. App.) 10 S.W. (2d) 692; Barton v. Wichita River Oil Co. (Tex. Civ. App.) 187 S. W. 1043 (writ refused).

We think the court was in error in holding appellee's mortgage lien superior to appellant's laborer's lien. For the errors above indicated, the judgment of the trial court is reversed, and the cause remanded.