## WELDER v. FIRST STATE BANK OF SKIDMORE.

### No. 8570.

Court of Civil Appeals of Texas. San Antonio.
March 11, 1931.

Rehearing Denied April 15, 1931.

L. D. Stroud, of Beeville, for plaintiff in error.

Charles Troy, of Beeville, for defendant in error.

FLY, C. J.

This writ of error was prosecuted from a judgment for $692.16, and a foreclosure of a chattel mortgage on twenty-five cows and fifteen calves.

The only assignment of error assails the judgment on the ground of a want of jurisdiction in the county court to render a judgment under the allegations of the petition, in that the value of the cattle on which the mortgage was given was not alleged. It is contended that a failure to give the value of the cattle was a failure to allege such facts as would give a court of limited jurisdiction power and authority to render a judgment.

There is nothing in the record that tends to show that the cattle had a less value than $1,000, and if there be a want of jurisdiction it must rest on the proposition that a failure to allege the value of the cattle was fundamental error and rendered any judgment rendered by virtue of such pleadings null and void. The decisions of this court, as well as other appellate courts of the state, hold that when a debt, of which the county court has jurisdiction, is secured by a chattel mortgage, the jurisdiction is fixed by the value of the property described in the mortgage. The ruling is uniform and unbroken. Richardson v. Hethcock (Tex. Civ. App.) 173 S. W. 1006; Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457; Marshall v. Stowers (Tex. Civ. App.) 167 S. W. 230; Lunsford v. Pearce (Tex. Civ. App.) 19 S.W.(2d) 71.

We will not dismiss this cause, as prayed for by appellant, as it is more than probable that he owes the debt, but will give the appellee an opportunity to amend so as to fix jurisdiction and collect his debt.

The judgment is reversed, and the cause remanded.