## AGRICULTURAL BOND & CREDIT CO. v. ALDERSON.

### No. 3972.

Court of Civil Appeals of Texas. Amarillo.

Feb. 22, 1933.

James M. Kernan, of Amarillo, for appellant.

W. W. Kirk, of Plainview, for appellee.

JACKSON, Justice.

The appellant instituted this suit in the county court at law of Potter county to recover a balance of $804.28 evidenced by two conditional sales contracts given, for certain machinery, by appellee and transferred and assigned to appellant for a valuable consideration in due course of trade.

The appellant alleged that appellee was a resident of Hale county and the sum sued for was secured by a valid mortgage lien on one Gleamer-Baldwin combine and one deep-furrow drill with tractor hitch and press wheels; that the mortgage provided that in the event appellee failed to pay said indebtedness as it

matured appellant was entitled to immediate possession of such machinery; that the appellee had defaulted in payment and refused on demand to deliver possession of the machinery; that appellant feared that defendant would materially injure said machinery if left in his possession, setting out in detail the reason for such fear; that the machinery was exposed to the weather and depreciating in value and was probably insufficient to discharge the indebtedness and appellee was without financial means to secure appellant in the collection of its debt; that the contract provided for attorneys' fees and stipulated that, if it was necessary to file suit thereon, appellee waived the right to remove any legal action from the court originally acquiring jurisdiction.

The appellant prayed that appellee be cited, a receiver be appointed with power to protect the machinery and the value thereof, and that on a final hearing it have judgment for the sum of $804.28, with foreclosure of its lien on said machinery and an order of sale thereof for the payment of its debt.

The court on an ex parte hearing appointed J. V. Crews of Hale county as receiver and directed that he take immediate possession of the property on giving bond in the sum of $750, and enjoined the appellee and his agents from interfering with said property. J. V. Crews gave the bond and took the oath as receiver.

The appellee in due time and proper form filed his plea of privilege to be sued in Hale county where he resided.

The appellant filed its controverting affidavit, and, upon a hearing, the court transferred the cause to the district court of Hale county, Tex., from which judgment this appeal is prosecuted.

■■ The jurisdiction of the county court at law of Potter county is not attacked, but it will be noted that the appellant in its petition makes no affirmative allegation of the value of the property on which it sought to foreclose its lien and such failure constitutes fundamental error. Richardson v. Renfro Hardware Co. (Tex. Civ. App.) 33 S.W.(2d) 466, and authorities cited. In a suit in county court for the foreclosure of a lien the value of the property on which the lien is sought to be foreclosed must be alleged in order for such court to entertain jurisdiction. Whatley v. Gust (Tex. Civ. App.) 294 S. W. 245; Lunsford v. Pearce (Tex. Civ. App.) 19 S.W.(2d) 71; McIntyre v. Oliver Motor Company (Tex. Civ. App.) 20 S.W.(2d) 241; Welder v. First State Bank of Skidmore (Tex. Civ. App.) 37 S.W.(2d) 848; Michot v. Rizer (Tex. Civ. App.) 46 S.W.(2d) 1111.

For the reason stated the county court at law of Potter county did not acquire jurisdiction of the subject-matter of the suit, and

hence this court has no jurisdiction to pass on the errors assigned.

The judgment is reversed and the appeal dismissed.