## MOORE et al. v. FIRST STATE BANK OF LIVINGSTON.

### No. 3428.

Court of Civil Appeals of Texas. Beaumont.
April 1, 1939.

Rehearing Denied April 12, 1939.

A. R. Rucks and Robert M. Lyles, both of Angleton, for appellant.

Manry & Cochran, of Livingston, for appellee.

O'QUINN, Justice.

The First State Bank of Livingston sued Mrs. Ola Moore in the County Court of Polk County to recover on a promissory note in the sum of $560, and for foreclosure of a chattel mortgage on certain personal property given to secure the payment of the note. The bank made R. V. Kleising, a resident of Brazoria County, Texas, a party defendant, alleging that he was asserting some claim to the property mortgaged, and had taken possession of same.

Kleising filed his plea of privilege to be sued in Brazoria County, the county of his residence. The bank filed its controverting affidavit, alleging that the note in question was made payable at Livingston, in Polk County, and that the mortgage given to secure the payment of the note was upon certain personal property and that the defendant Kleising had taken possession of said property and was assert-

ing some claim to same, and as foreclosure of the mortgage was prayed he was a proper party to said foreclosure.

Hearing was had upon the plea and same was overruled, to which Kleising excepted and gave notice of appeal. After the plea was overruled, Kleising, not waiving his plea of privilege, answered by general demurrer and general denial. A jury was waived and the case was tried to the court, and judgment rendered against Mrs. Moore for the amount due on the note, and for foreclosure of the mortgage against all parties. From this judgment Kleising has appealed.

The plea of privilege was properly overruled. The note was payable in Polk County. The mortgage was given by Mrs. Moore on certain chattels to secure the payment of the note. Kleising was asserting a right to the chattels, and had taken possession of them. He was a proper party to the suit. Cantey v. Bank, Tex. Civ.App., 95 S.W.2d 475; Carey v. Sheets, Tex.Civ.App., 109 S.W.2d 782.

We overrule appellant's contention that the mortgage as to him was void because, he asserts, that he was a lien holder upon such property in good faith. This contention is based upon the following facts: On November 15, 1937, Mrs. Moore borrowed $560 from the bank and executed her note for same payable at Livingston in Polk County. At the same time she executed a mortgage upon certain chattels, stating that they composed "one complete set of restaurant fixtures" (enumerating each article) and that they were "situated in the County of Brazoria, State of Texas." The mortgage began: "That Mrs. Ola Moore of Brazoria County, Texas, hereinafter called the mortgagor". It was agreed that the mortgage was filed and registered "forthwith" in the Chattel Mortgage Register of Brazoria County. It appears that Mrs. Moore on October 28, 1937, entered into a written lease with Kleising to rent from him a certain business building (to be used for Cafe purposes) situated in Pearland in Brazoria County, for a period of one year beginning November 16, 1937, for $75 per month rental payable in advance. Kleising testified that the property was placed in his building on about November 16, 1937. This was the next day after the mortgage was given stipulating that the property was in Brazoria County. He further testified that "At the time Mrs. Ola Moore left my property there was no rent due under the contract. The rent was all paid up and a little more than paid up to the time she left." It appears that on the date Mrs. Moore executed the note and mortgage she resided in Livingston, and so resided at the time of the institution of this suit. Kleising claims that he has a landlord's lien on the property for the rental of his building, and that it is superior to the chattel mortgage of appellee bank.

[2,3] Mrs. Moore represented to the bank that she resided in Brazoria County when she obtained the loan, executed her note therefor and gave the mortgage to secure its payment. She also, in the mortgage, represented the property to be in Brazoria County. This was on November 15, 1937, it was in appellant's building, according to his own testimony, on the next day, November 16, 1937. The mortgage was admittedly filed for record and duly registered "forthwith". Moreover, the defendant Kleising answered only by general demurrer and general denial, and if he had intended to defend upon the ground that the mortgage had not been registered in the proper county, he would have apprised appellee of this by pleading the fact specially. But, however this may be, the mortgage, as we have before stated, recites that the mortgagor, Mrs. Moore, was of Brazoria County and that the property was situated in Brazoria County. Under the circumstances we hold that the mortgage was properly and timely filed for registration in Brazoria County. Chaytor v. Brunswick-Balke-Collender Co., 71 Tex. 588, 10 S.W. 250.

Aside from the question above discussed, it is undisputed that the property was immediately placed in appellant's building after the mortgage was executed reciting that the property was then in Brazoria County, and at about the same time the mortgage was filed for registration and duly registered. Appellant admits that the mortgage was filed "forthwith", and that even after this when Mrs. Moore ceased to occupy his building, she had more than paid all rent she owed him. This being true, the lien of appellant for rent to become due was not superior to that of appellee. In other words, a chattel mortgage duly recorded at a time when there is no rent due, is superior to the landlord's lien for future rent. Cave v. Talley Co., Tex.Civ.App., 298 S.W. 912 (3d syl.);

538

Collins v. McFarland, Tex.Civ.App., 60 S.W.2d 334, writ refused.

■ We sustain appellant's assignment that the court could not foreclose the mortgage because there was no allegation of the value of the mortgaged property. It must appear from pleading and proof that the value of the mortgaged property upon which foreclosure is sought was such as to confer jurisdiction upon the court asked to adjudge the foreclosure. The chattels enumerated in the mortgage were such as the value might have exceeded that of which the county court had jurisdiction. But appellee says that while its petition did not contain any allegation of the value of the mortgaged property, still there was an allegation of the value of the identical chattels set forth in its affidavit of sequestration, and that should be imported into its petition for foreclosure. We do not think so. As we understand the law, the allegation of value must be in the petition itself. Welder v. First State Bank, Tex. Civ.App., 37 S.W.2d 848; Williams v. Givins, Tex.Civ.App., 11 S.W.2d 224; Lusk v. Hardin, Tex.Civ.App., 176 S.W. 787.

The judgment is reversed and the cause remanded for another trial.