## HERRIN TRANSPORTATION CO. v. ANDREWS.

### No. 2925.

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1950.

Rehearing Denied Nov. 22, 1950.

Leachman, Matthews & Gardere, Dallas, for appellant.

White & Yarborough, Dallas, for appellee.

HALE, Justice.

This is an appeal from an order of the District Court of Navarro County overruling a plea of privilege. The proceeding arose out of an action for damages on account of personal injuries resulting from a highway collision between an automobile and a truck. The sole question presented upon the appeal is whether the competent evidence adduced at the hearing on the plea was legally sufficient to show that the collision occurred in Navarro County. If the evidence was sufficient to establish that fact, then the order appealed from should be affirmed; otherwise, it should be reversed.

Upon the hearing it was agreed by the parties that the truck involved in the collision was owned by appellant and was being driven by appellant's employee who was acting in the course of his employment. Roger Dannelley testified that he was driving the automobile in which appellee was riding when she sustained her injuries and his testimony was amply sufficient to show that the suit of appellee for damages on account of her injuries is based upon a trespass which was committed by appellant's truck driver, within the meaning of Sub. 9, Art. 1995 of Vernon's Tex.Civ.Stats., as alleged in the controverting affidavit.

Dannelley further testified without objection that he lives at Kerens, Texas; that the town of Kerens is situated in Navarro County, east of the City of Corsicana; that he and appellee were driving west on State Highway 31 between Kerens and Corsicana when the collision occurred; and that the collision occurred in Navarro County on Highway 31 at a point near a certain roadside park about 12 miles east of Corsicana. On cross examination the witness testified that he was 16 years of age at the time of the collision, that he did not know of his own knowledge where all the exact boundary lines of Navarro County were located, but that he did not see any cause to make any individual check on that matter after the accident had happened because he knew it happened in Navarro County. Dannelley was the only witness to testify upon the hearing.

Appellant says the testimony of Dannelley to the effect that the collision occurred in Navarro County was hearsay evidence on his part. It contends, as we understand its brief, that since such testimony was nothing more than hearsay evidence the same was legally incompetent and was insufficient as a matter of law to establish the fact thus testified to, even though no objection was interposed to the introduction thereof.

We recognize the general rule that hearsay evidence is incompetent and is ordinarily wanting in probative force, even though admitted without objection. However, we cannot say the testimony of Dannelley as to the county in which the collision occurred was merely hearsay evidence on his part. It appears to us that any ordinary person of the age, intelligence and experience of Dannelley ought reasonably to be credited with knowing the county of his residence, regardless of whether he may or may not be entirely familiar with the geographical shape or the exact location of all the boundary lines of such county. Since the witness testified that he lives at Kerens, we do not think it was necessary for him to have personal knowledge as to the exact location of all the boundary lines of Navarro County in order to know with reasonable certainty that the town of his residence was situated within that county. The courts may take judicial notice of the fact that Corsicana is the county seat of Navarro County and of its location within that county. If Kerens is in Navarro County, and if the collision occurred on Highway 31 between Kerens and Corsicana, as the witness testified unequivocally, then the collision must have occurred within the boundaries of that county.

In our opinion the competent evidence introduced on the hearing was legally sufficient to warrant the trial court in finding as a fact that the collision of which complaint is made actually occurred in Navarro County. Therefore, the order appealed from is affirmed.