**BROOKS SUPPLY CO. v. FIRST NAT. BANK IN GLEN ROSE.**

No. 2977.

Court of Civil Appeals of Texas. Waco.

Oct. 11, 1951.

Rehearing Denied Nov. 1, 1951.

Robert C. Johnson, Dallas, for appellant.

R. A. Kilpatrick, Cleburne, for appellee.

HALE, Justice.

This is an appeal from an order disposing of a plea of privilege. Appellee sued T. K. Donalson, a resident of Travis County, in the District Court of Somervell County to recover on a promissory note and to foreclose a chattel mortgage securing the payment thereof, making appellant a party defendant to the suit upon allegations that it had in its possession some of the mortgaged property upon which foreclosure was sought. Appellant seasonably filed its plea of privilege in due form to be sued in Dallas County. Appellee controverted the plea upon the grounds that its suit against Donalson was based upon a contract in writing to be performed in Somervell County and that appellant was a necessary party to the suit within the meaning of exceptions 5 and 29a, respectively, of the venue statute. The issues thus raised by the pleadings were tried in the court below without a jury and resulted in judgment overruling appellant's plea and hence this appeal.

Although appellant predicates its appeal upon seven points of error, the substance of its contentions are that the action of the court in overruling its plea of privilege was without support in the pleadings or in the competent, admissible evidence.

In its controverting affidavit, appellee set forth a complete copy of its petition wherein it alleged, among other things, as follows:

II.

"That on the 20th day of April, 1948, Defendant, T. K. Donalson, executed and delivered to the First National Bank in Glen Rose, his promissory note for the sum of Three Thousand One Hundred One and 70/100 ($3101.70) Dollars, whereby he promised and became liable to pay to the said First National Bank in Glen Rose on May 10, 1949, the said sum of $3101.70, etc."

III.

"That on the above date, to-wit: April 20, 1948, to secure the payment of the above described note, the defendant, T. K. Donalson, executed and delivered to the said First National Bank in Glen Rose, a chattel mortgage on the property described in paragraph VI of this petition."

IX.

"That defendant, Brooks Supply Company, has some of the above described property in its possession and is claiming some interest in and to same, adversely to the interests of this plaintiff, whereas, any claim it has in and to said property is subordinate and inferior to plaintiff's mortgage."

After setting forth in its controverting affidavit a copy of its petition, appellee averred under oath that the allegations in said petition are true and correct. It further alleged in such affidavit as follows:

"As shown by plaintiff's petition, this is a suit on a written promissory note executed by defendant, T. K. Donalson and payable to the First National Bank in Glen Rose, Texas; and said obligation is a contract in writing to be performed in Glen Rose, Somervell County, Texas."

"As alleged in said petition, defendant, Brooks Supply Company, has in its possession some of the property described in

the chattel mortgage executed by T. K. Donalson to secure the payment of the promissory note described in plaintiff's petition and is therefore a proper and necessary party to the suit for foreclosure."

"The allegations in plaintiff's petition which is quoted in full herein and made a part hereof, show and it is a fact that defendant, Brooks Supply Company is a proper and necessary party to this suit, which is on a contract in writing to perform an obligation in Somervell County, Texas."

On the hearing of the venue issues, appellee introduced in evidence the note and chattel mortgage sued upon and a letter to it from appellant dated November 2, 1949. It also introduced T. K. Donalson as a witness on its behalf. The note was dated April 20, 1948 and was signed by T. K. Donalson who thereby promised in writing "to pay to the order of the First National Bank in Glen Rose, Texas, Thirty One Hundred One & 70/100 Dollars, negotiable and payable without defalcation or discount, at the office of said Bank at Glen Rose, Texas, with interest from maturity at the rate of 10% per annum." The chattel mortgage was dated April 20, 1948, was signed by T. K. Donalson, covered certain cows, one-half interest in pasteurizing equipment, milk machinery and cooler equipment, and recited that it was given to secure appellee in the payment of a note dated April 20, 1948 in the sum of $3,101.70. Donalson testified in substance that he turned over to appellant the pasteurizing equipment described in the chattel mortgage in order that the same might be sold, and that he advised appellant at that time there was a mortgage in favor of appellee on such equipment. Appellant stated in its letter to appellee under date of November 2, 1949, in part as follows: "We would assume from your telephone conversation that you are holding a mortgage on the used dairy equipment placed with us by Mr. Donalson of Austin for sale."

Appellant did not file any exception to the controverting affidavit of appellee and it did not introduce any evidence on the trial of the venue issues.

As we understand the brief of appellant, it contends that the controverting affidavit

of appellee was insufficient to support the action of the trial court in overruling its plea of privilege because appellee did not clearly allege as a fact therein that the note sued upon expressly provided it was payable at Glen Rose or in Somervell County. It further asserts that the trial court erred in admitting the note and chattel mortgage in evidence over its objection that such instruments differed from the note and mortgage described in appellee's petition and controverting affidavit and hence it says the competent, admissible evidence adduced upon the hearing was insufficient to sustain the action of the court in overruling its plea. We cannot agree with these contentions.

Since Glen Rose is the county seat of Somervell County, the courts of this state may take judicial notice of the fact that Glen Rose is situated within that county. Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627; Herrin Transportation Co. v. Andrews, Tex.Civ.App., 233 S.W.2d 891.

In our opinion, the averments in the controverting affidavit were sufficient to form a proper basis for the introduction of the evidence offered by appellee on the hearing herein. However, if the controverting affidavit was in any wise defective or insufficient for that purpose, we think any such defect or insufficiency was waived by the failure of appellant to bring the same to the attention of the trial judge in the manner required by Rule 90, Texas Rules of Civil Procedure. Connor v. Boyd, Tex. Civ.App., 176 S.W.2d 212, pt. 9, er. ref.; Kerin v. Jones, Tex.Civ.App., 185 S.W.2d 448, pt. 2; Hamilton v. Jenkins, Tex.Civ. App., 235 S.W.2d 195, pt. 5 and authorities.

We are also of the opinion that the evidence which was introduced upon the hearing was sufficient to sustain implied findings that the note sued upon was payable at Glen Rose, that appellant was in possession of a part of the property upon which foreclosure was sought and that it was claiming an interest therein by and through Donalson. Such findings would warrant the trial court in concluding that the action of appellee against Donalson was based upon a contract in writing to perform an obliga-tion in Somervell County, and that appellant was a proper and necessary party thereto within the meaning of exceptions 5 and 29a of art. 1995, Vernon's Tex.Civ. Stats. Moore v. First State Bank of Livingston, Tex.Civ.App., 127 S.W.2d 536; Stark v. Super-Cold Southwest Co., Tex. Civ.App., 239 S.W.2d 402, pt. 1; Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment appealed from is affirmed.