[16] The jury acts as a unit, and the bias or prejudice of one of its members is sufficient to vitiate the verdict. McWilliams v. State, 32 Tex. Cr. R. 269, 22 S. W. 970; Long v. State, 32 Tex. Cr. R. 145, 22 S. W. 409; Graham v. State, 28 Tex. App. 583, 13 S. W. 1010; Ruling Case Law, vol. 16, p. 312, § 120.

The other bills of exception found in the record have been examined. Many of them refer to matters of practice not likely to occur upon another trial. None of the matters embraced in the bills which we have omitted to discuss impress us as revealing error warranting a reversal, nor of a nature justifying the extention of this opinion by their discussion.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

---

### McMILLAN v. FIRST NAT. BANK OF RULE. (No. 1711.)

(Court of Civil Appeals of Texas. El Paso. Feb. 12, 1925.)

1. Courts ⬰170—Allegation of value of mortgaged property, on which foreclosure sought, essential to county court's jurisdiction.

In action in county court to foreclose chattel mortgage, value of mortgaged property, it being amount in controversy, must be pleaded to give court jurisdiction.

2. Appeal and error ⬰185(2)—Failure to allege value of mortgaged property error apparent of record.

A failure to allege value of mortgaged property, upon which foreclosure is sought in suit in county court, is error apparent on face of record.

3. Appeal and error ⬰493—Merits of appeal in foreclosure suit not reviewable, where value of mortgaged property not alleged, thus failing to disclose county court's jurisdiction.

Where record on appeal, in suit to foreclose chattel mortgage, failed to disclose alle-gation of value of mortgaged property, jurisdiction of county court is not shown, and merits of appeal are not before appellate court for consideration.

Error from Haskell County Court; R. E. Lee, Judge.

Action by the First National Bank of Rule against W. O. McMillan. Judgment for plaintiff, and defendant brings error. Remanded, with instructions.

A. J. Smith and C. J. Henson, both of Haskell, for plaintiff in error.

Jessie G. Foster and W. H. Murchison, both of Haskell, for defendant in error.

WALTHALL, J. The First National Bank of Rule, defendant in error, brought this suit against W. O. McMillan and Miles Frazier, in the county court of Haskell county, to recover upon a promissory note executed and delivered by McMillan and made payable to said bank in the sum of $367, and bearing interest from maturity, and providing for the payment of attorney fees, and to foreclose a chattel mortgage on certain personal property described, given to secure the payment of said note.

In the view we take of the case, we need not further state the pleadings of the bank, nor the answer of the defendants. A trial was had with a jury and a verdict and judgment rendered in favor of the plaintiff bank.

[1] An inspection of the entire record fails to disclose any allegation of the value of the personal property upon which the plaintiff bank seeks to foreclose the chattel mortgage. A failure to allege the value of the mortgaged property upon which a foreclosure is sought, the amount in controversy is not made to appear, a fact essential to the jurisdiction of the county court.

[2] A failure to allege the value of the mortgaged property upon which the foreclosure is sought, in a suit in the county court, is error apparent upon the face of the record. Butts et al. v. Hudgins (Tex. Civ. App.) 255 S. W. 762, and cases there cited.

[3] For the reason that the record does not disclose the jurisdiction of the county court, the merits of this appeal are not properly before this court for consideration.

The case is therefore remanded to the county court, with instruction to dismiss the defendant in error's suit, unless the proper jurisdictional facts shall be made to appear to bring the case within the jurisdiction of that court.

---

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes