### FUQUA v. MAPES. *
### No. 3535.

Court of Civil Appeals of Texas. Amarillo.
Jan. 21, 1931.

Rehearing Denied Feb. 18, 1931.

Carl Gilliland and James W. Witherspoon, both of Hereford, for plaintiff in error.

Chas. H. Dean, of Dimmitt, for defendant in error.

JACKSON, J.

The plaintiff C. J. Mapes instituted this suit in the county court of Castro county, Tex., against the defendant J. L. Fuqua, seeking to recover $450, interest and attorneys' fees, evidenced by a note dated January 30, 1929, executed by the defendant and payable to plain-

*Writ of error granted.

tiff on or before July 30, 1929, and to foreclose a chattel mortgage lien on certain live stock therein described.

The defendant answered by general demurrer, general denial, and alleged that the note was given as the consideration for the purchase of one bull; that the defendant was induced to make said purchase by false and fraudulent representations; that the consideration for the note failed, etc. The defendant also filed an admission of plaintiff's cause of action as set forth in his original petition, except in so far as it was defeated in whole or in part by the facts alleged in defendant's answer.

The jury found in favor of plaintiff against the defendant, and on the verdict judgment was entered that the plaintiff have and recover of and from the defendant the sum of $552.50, with his costs, from which judgment the defendant, by writ of error, has prosecuted this appeal.

The appellant challenges as error the action of the trial court in overruling his general demurrer to appellee's petition, because he failed to allege the value of the live stock upon which he sought to foreclose the mortgage. The appellee alleges that on the 30th day of January, 1929, the appellant executed and delivered the mortgage to secure the payment of the note, and then and there warranted that the mortgaged property was of the reasonable aggregate cash value of $1,000.

It will be noted that the mortgage and the note were dated January 30, 1929, and the record discloses that the suit was filed. November 18, 1929, and judgment obtained on the 28th day of March, 1930.

If, in order for the county court to entertain jurisdiction of the case and render a judgment on the note, it was necessary to allege the values of the personal property described in the mortgage, we question the sufficiency of this allegation. Lunsford v. Pearce (Tex. Civ. App.) 19 S.W.(2d) 71, and authorities cited.

The record discloses that, notwithstanding the appellee asked for a foreclosure of his mortgage lien against the personal property described therein, there was no foreclosure of such lien by the court.

The amount of the note manifestly is within the jurisdiction of the county court, and, unless such jurisdiction was defeated by the failure of the appellee sufficiently to allege the value of the mortgaged property, the judgment should be affirmed. As disclosed by this record, the court did not attempt to exercise any jurisdiction over the property involved, but only gave a personal judgment against the appellant. It is the settled law in this state that in order to foreclose a lien on property in the county court, a court of limited jurisdiction, the pleadings must affirmatively show the value of the property on which the lien is foreclosed. The contention that a petition must affirmatively disclose the value of the property upon which a foreclosure is sought, as well as the amount of the debt sued for, in order for the court to have jurisdiction over the debt, has been variously decided by the different Courts of Civil Appeals. We are of the opinion that the decisions holding that where the amount of the debt sued for is within the jurisdiction of the court, and the foreclosure of the lien, though sought, is not obtained, that it is not fatal to the jurisdiction of the court to fail to allege the value of the property upon which a lien is claimed.

In King Lumber Co. v. Blue Ridge Mill Co. (Tex. Civ. App.) 280 S. W. 621, the court says: "The contention that the county court was without jurisdiction because the petition did not affirmatively disclose the value of the property upon which the plaintiff below sought to foreclose its mortgage is not tenable. The amount of the notes was clearly within the jurisdiction of the county court; and, while the petition prayed for a foreclosure of a lien on certain machinery, without disclosing the value of the machinery, no judgment of foreclosure was rendered. * * *" And, "We think that the question of jurisdiction is eliminated because of the failure of the court to render any judgment for the foreclosure of the lien."

The judgment is affirmed.