The opinion of the Commission of Appeals is adopted, and the mandamus refused.

## CAMPSEY v. BRUMLEY.

### No. 1609—6012.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

811

We shall hereafter refer to the parties in the order in which they appeared in the county court, to Brumley as plaintiff and to Campsey as defendant.

The record in this case shows that on February 2, 1930, plaintiff filed his original petition in the county court of Deaf Smith county, Tex., wherein he alleged that on May 31, 1928, defendant executed and delivered to him his promissory note in the sum of $310.70, due August 1, 1928, bearing interest from date at 10 per cent., and providing for 10 per cent. attorney's fees. A credit of date December 19, 1928, of $200 is also alleged.

The petition then alleges that at the same time the note was executed, and for the purpose of securing the same, defendant executed and delivered to plaintiff a chattel mortgage on one Chevrolet truck and body, six cows, and eight mules.

The prayer prays judgment for the amount of the debt, and for foreclosure of the chattel mortgage on the property above described.

The petition nowhere alleges the value of the mortgaged property on which foreclosure is sought.

The judgment, in substance, recites that the cause came on to be heard on the 26th day of August, 1930; that such date was the day the parties had agreed on for the case to be tried; that then came the plaintiff by his attorneys and announced ready for trial; and that the defendant did not appear, but wholly made default in accordance with a previous agreement that such failure to appear should allow the case to go by default. The judgment proceeds to find that plaintiff's cause of action is liquidated and proved by an instrument in writing; that the court is of the opinion and finds that the defendant is indebted to the plaintiff in the aggregate sum of $157.91; and that the indebtedness is secured by a chattel mortgage on one Chevrolet truck and body of the value of $125. The judgment then proceeds to award recovery for the plaintiff in the sum of $157.91, with foreclosure of the chattel mortgage on the truck and body. The judgment contains other recitals not necessary to mention here. The judgment does not mention the other property on which the foreclosure was sought by the petition.

■ By proper assignment the defendant contended in the Court of Civil Appeals, and here contends, that the above judgment should be reversed and set aside because the petition fails to allege sufficient facts to show jurisdiction of the subject-matter of the suit in the county court of Deaf Smith county, Tex. We sustain this assignment.

Article 1970—209, R. C. S. 1925, provides: "That the county court of Deaf Smith, Parmer, Randall, Castro, and Lubbock counties and the unorganized counties of Bailey and

John A. Coffee, of Hereford, for plaintiff in error.

Dameron & Dameron, of Hereford, for defendant in error.

CRITZ, J.

This suit was originally filed in the county court of Deaf Smith county, Tex., by G. W. Brumley against J. C. Campsey. Judgment was rendered in the county court for Brumley and against Campsey for $159.13 with foreclosure of a chattel mortgage on one Chevrolet truck and body. Campsey prosecuted writ of error to the Court of Civil Appeals at Amarillo, which court originally reversed the judgment of the trial court and dismissed the appeal, but on rehearing withdrew its original ruling and affirmed the judgment of the county court. Campsey brings error.

Lamb shall have and exercise original concurrent jurisdiction with the justices courts in all civil matters which by the general laws of this state is conferred upon justices courts."

■ We construe this statute to have effect to confer on the county courts of the counties named original concurrent jurisdiction with the justice courts in all civil cases. Under the general law justice courts have exclusive original jurisdiction of all civil cases "where the amount in controversy is two hundred dollars or less, exclusive of interest." Section 19, art. 5, Texas Constitution; article 2385, R. C. S. 1925. The effect of article 1970—209, supra, is to confer on the county court of Deaf Smith county original jurisdiction in civil cases where the amount in controversy is $200 or less. The last-mentioned article is valid and constitutional. Section 22, art. 5, Texas Constitution.

■ It is the settled law of this state that in a case where the amount of recovery sought is within the jurisdiction of the county court, but the property sought to be foreclosed on under a contract lien is of a value within the exclusive jurisdiction of the district court, the district court, and not the county court, has exclusive original jurisdiction. In other words, in such instances, the jurisdiction is determined by the value of the mortgaged property sought to be foreclosed on, and not the money recovery sought. Jenkins v. Parks (Tex. Com. App.) 49 S.W.(2d) 714. In the case at bar the money recovery sought is within the jurisdiction of the county court of Deaf Smith county. Also the value of the truck and body actually foreclosed on is within the jurisdiction of such court as found by the judgment. In spite of this we think the petition of the plaintiff is insufficient to confer jurisdiction on such county court as will later appear.

■■ The jurisdiction of a court is determined, not by the judgment rendered, but by the petition. City of Fort Worth v. Zane-Cetti (Tex. Com. App.) 29 S.W.(2d) 958. It is settled that the petition must affirmatively show jurisdiction, and a judgment rendered by a county court on a petition which fails to affirmatively plead facts bringing the case within its jurisdiction presents fundamental and reversible error. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224; Lunsford v. Pearce (Tex. Civ. App.) 19 S.W.(2d) 71; Jaco v. W. A. Nash Co. (Tex. Civ. App.) 269 S. W. 1089; McMillan v. First National Bank (Tex. Civ. App.) 269 S. W. 112; Butts v. Hudgins (Tex. Civ. App.) 255 S. W. 762; Davis v. First Nat. Bank (Tex. Civ. App.) 248 S. W. 119; People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66; Stricklin v. Arrington & Carter (Tex. Civ. App.) 141 S. W. 189; McIntyre v. Oliver Mo-

tor Co. (Tex. Civ. App.) 20 S.W.(2d) 241; Salamy v. Bruce (Tex. Civ. App.) 21 S.W.(2d) 380; Stephens v. Collins Piano Co. (Tex. Civ. App.) 28 S.W.(2d) 255; Richardson v. Renfro Hardware Co. (Tex. Civ. App.) 33 S.W.(2d) 466; Peters v. Hubb Diggs Co. (Tex. Civ. App.) 35 S.W.(2d) 449; Welder v. First State Bank (Tex. Civ. App.) 37 S.W.(2d) 848; Fuqua v. Mapes (Tex. Civ. App.) 40 S.W.(2d) 847.

Brumley moves to dismiss the writ of error on the ground that there is no conflict between the holdings of the Court of Civil Appeals in the case at bar, and the holdings in the cases above cited. In this connection Brumley seems to contend that there is no conflict because the cases cited involved default or contested judgments; whereas, the case at bar involves a judgment by consent. This contention is untenable. The cases cited by us sustain the rules of jurisdiction we have announced, while the effect of the opinion of the Court of Civil Appeals in the case at bar is to announce a contrary or conflicting rule. It follows that a direct conflict within the meaning of subdivision 1 of article 1821, R. C. S. 1925, as amended by Acts 41st Legislature, 1929, c. 33, § 1 (Vernon's Ann. Civ. St. art. 1821, subd. 1), is presented.

■■ Jurisdiction of a court is the power or authority by which it takes cognizance of, and decides, cases. If the court has no jurisdiction of the subject-matter of the litigation, any judgment it may render is void. 11 Tex. Jur. 711, § 9 et seq., and notes. Jurisdiction may be said to be of two kinds; of the subject-matter, and of the person. Consent may give jurisdiction of the person, but cannot do so as to the subject-matter. 11 Tex. Jur. p. 715, § 12, and notes. It follows that even if the instant judgment was entered by consent, it is illegal because the petition is insufficient to confer jurisdiction of the subject-matter.

■ Finally we hold that a conflict within the meaning of subdivision 1 of article 1821, supra, is substantially the same as a conflict within the meaning of article 1855, R. C. S. 1925, and means: "If facts in issue, which are involved in a particular ruling in each of the two cases, are materially the same in both cases, and the decision of the court in one case, as to the legal effect of such facts, is contradictory to that of the other court in the other case, then a conflict of decision occurs," etc. Layton v. Hightower, 118 Tex. 166, 12 S.W.(2d) 110. The ruling regarding jurisdiction in the present case, and the rulings in the cases cited above, present such a conflict.

We recommend that the motion to dismiss the writ of error be overruled, and that the judgments of the Court of Civil Appeals and county court be both reversed, and the cause remanded to the county court for further proceedings in accordance with this opinion.

CURETON, C. J.

The judgments of the county court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.