**Lawrence BYKE et ux., Appellants,**

v.

**CITY OF CORPUS CHRISTI, Appellee.**

**No. 1088.**

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 16, 1976.

Rehearing Denied Oct. 14, 1976.

Michael W. Williams, Corpus Christi, for appellants.

Gerald L. Benadum, Asst. City Atty., Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a suit to recover discounts on ad valorem taxes which were paid in advance and prior to delinquency. Lawrence Byke and wife, Martha Byke, filed suit on October 22, 1974 against the City of Corpus Christi, Texas, wherein they sought a recovery in behalf of themselves and other persons of "monies equal to the discounts required by law" due plaintiffs and their "class" for advance payments of ad valorem taxes for the year 1973 and previous years, and that the defendant be required to allow discounts in the future for advance payment of ad valorem taxes. Both the plaintiffs and the defendant filed motions for summary judgment. The plaintiffs' motion was denied and that of the defendant was granted. The trial court signed a take-nothing summary judgment with prejudice on March 10, 1976. Plaintiffs have timely perfected an appeal from that judgment.

Two points of error are brought forward in this appeal. They read, as follows:

*"POINT OF ERROR NUMBER ONE*

The trial court erred in holding that the appellee was not liable as a matter of law for its failure to allow a discount for ad valorem taxes.

POINT OF ERROR NUMBER TWO

The trial court erred in holding that the appellee was not required, as a matter of law, to allow the discounts for advance payment of ad valorem taxes in accordance with the Texas General Law on the subject."

Plaintiffs' petition attempts to make this suit a class action on behalf of themselves and all other persons who have made or would have made advance payments of ad valorem taxes levied and assessed by defendant for the years 1973 and in years previous thereto. The petition denominates this suit to be an action for the recovery of money, and nothing more. In addition to other facts alleged in the petition, it was also alleged:

"10. Defendant did not allow to the plaintiffs a discount for advance payment of their ad valorem tax to the defendant in 1973 and in years previous thereto as required by Article VII, Section 6, of the City Charter of the City of Corpus Christi, and Article 7255b, Vernon's Annotated Texas statutes, enacted pursuant to Article 8, Section 20, of the Constitution of the State of Texas."

Defendant filed a plea to the jurisdiction on the ground that plaintiffs' petition "alleged no amount in controversy nor prays for any relief which is sufficient to bring

this action within the jurisdiction of the District Court". Defendant leveled special exceptions at numerous allegations contained in the petition, including the allegations and conclusions which purport to make the suit a "class action"; defendant also asserted the four-year statute of limitations as a bar to the recovery of any money for any advance payments made prior to October 23, 1970. Defendant further denied, specially and generally, all allegations made in the petition. The record does not reveal that the trial court took any action with respect to the plea to the jurisdiction, the special exceptions, or the plea of limitations.

The judgment, from which the plaintiffs have appealed, in part, provides:

" . . . the Court has considered Defendant's Motion For Summary Judgment, the pleadings herein, the admissions of Defendant on file herein, the affidavits and exhibits on file herein, and the briefs and arguments of counsel, and is of the opinion that there is no material issue of fact to be decided in this cause and that Defendant is entitled to judgment against Plaintiffs as a matter of law.

THEREFORE, it is ORDERED that this cause be dismissed with prejudice, that Plaintiffs take nothing by this suit, and that all costs of Court be taxed against the Plaintiffs. . . ."

The critical question of whether the jurisdiction of the district court with respect to the subject matter of this suit is presented by the record. Plaintiffs' petition does not allege any specific amount of money due either them or the class for whose benefit the suit is purportedly brought, nor is a recovery of any specific amount of money prayed for in the prayer. The plaintiffs, in addition to asking "that the defendant be required to allow discounts to advance and prompt payers of ad valorem taxes to the defendant as required by law", also prayed "that judgment in the amount of monies equal to the discounts required by law and allowed to the plaintiffs and members of plaintiffs' class for advance or prompt payment of ad valorem taxes paid to the defendant and wrongfully retained by it be rendered in favor of the plaintiffs and members of their class".

Our Supreme Court, in *Richardson v. First National Life Insurance Co.,* 419 S.W.2d 836 (Tex.Sup.1967), said:

"The general rule is that the allegations of the plaintiff's petition must state facts which affirmatively show the jurisdiction of the court in which the action is brought. *Brown v. Peters,* 127 Tex. 300, 94 S.W.2d 129 (1936) . . . ."

The case of *Brown v. Peters,* cited by the Supreme Court, discussed in some detail the holdings in *Campsey v. Brumley,* 55 S.W.2d 810 (Tex.Comm'n App. 1932, holdings approved).

The Commission of Appeals, in *Campsey v. Brumley,* supra, held that plaintiff's petition was insufficient to confer jurisdiction on the court, reversed the judgment and remanded the cause to the trial court. It was said on page 812 of the published opinion:

" . . . It is settled that the petition must affirmatively show jurisdiction, and a judgment rendered by a . . . court on a petition which fails to affirmatively plead facts bringing the case within its jurisdiction presents fundamental and reversible error. . . ."

\* \* \* \* \* \*

" . . . If the court has no jurisdiction of the subject-matter of the litigation, any judgment it may render is void. . . ."

The district court does not have jurisdiction of a suit to recover money only unless the amount of money sought to be recovered is more than $500.00. Tax.Const. art. V, § 8; *Connor v. Collins,* 378 S.W.2d 133 (Tex.Civ.App.—San Antonio 1964, writ dism'd).

▮ Even though some of the allegations in plaintiffs' petition would indicate that this is also a suit for a declaratory judgment, the bringing of such suit for declaratory judgment does not in any way change the law as to jurisdiction of Texas

Courts. Plaintiffs, in order to invoke the jurisdiction of the district court, were required to allege that the amount of money in controversy was more than $500.00. *Connor v. Collins,* supra. Under the record here presented, it indisputably appears that the plaintiffs did not affirmatively allege facts which showed that the amount of money in controversy and sought to be recovered was in excess of $500.00. The district court did not have jurisdiction of the suit. The jurisdiction of the district court was challenged, as has been stated. Fundamental error is presented, and it was reversible error for the trial court to have rendered the judgment that it did render. The judgment must be reversed and the cause remanded under the authority of *Campsey v. Brumley,* supra.

■ Assuming, arguendo, that after indulging all reasonable intendments in favor of jurisdiction which we must do in doubtful cases under the rule laid down by our Supreme Court in *Dwyer v. Bassett & Bassett,* 63 Tex. 274 (1885), the record will not sustain the granting of summary judgment in favor of the defendant.

■ The burden was on the defendant, the movant in the summary judgment proceeding, to establish by summary judgment proof, as a matter of law, that there was no genuine issue of material fact as to at least one essential element of the plaintiffs' cause of action, and that it was entitled to judgment as a matter of law. *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.Sup.1972); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.Sup.1970).

■ All doubts as to the existence of a genuine issue of material facts are to be resolved against the movant, and summary judgment is not to be granted to movant on default of the opposite party, but only on the merit of the summary judgment proof adduced by the movant. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.Sup.1972).

The only summary judgment proof offered by the defendant in support of its motion consisted of: 1) admissions by defendant a) that it is a municipal corporation incorporated under the home rule charter laws of this State; b) that plaintiffs, in 1973, did pay ad valorem taxes to the defendant more than 30 days in advance of January 31, 1974, when all unpaid ad valorem taxes for 1973 became delinquent; c) that the defendant did not allow plaintiffs or any other taxpayer in Corpus Christi a discount for advance payments of ad valorem taxes for the years 1970, 1971, 1972, and 1973; 2) an affidavit by the Assistant Tax Assessor-Collector for the City of Corpus Christi that set out the amount of ad valorem taxes assessed by the defendant against the plaintiffs for each of the years 1970–1975, and further stated:

"A discount for timely payment of taxes assessed by the City of Corpus Christi was allowed some time previous to 1956. In 1955 the discount allowed was 1% of the taxes assessed. For the tax year 1956 the discount was discontinued, . . ."

Plaintiffs, in substance, alleged that the defendant did not allow them and the members of their "class" a discount for advance payment of ad valorem taxes for the year 1973 "and in years previous thereto", as required by Article 7255b and by "the City Charter of the City of Corpus Christi". Defendant denied that allegation.

There is no summary judgment proof that the governing body of the City of Corpus Christi had not adopted the provisions of Tex.Rev.Civ.Stat.Ann. art. 7255b (1939) for any of the years ensuing from and after January 1, 1956. The defendant's summary judgment proof did not meet and overcome the plaintiffs' allegations that the defendant did not allow them (and others) the discounts to which they were entitled by statute and the City Charter. Defendant's motion for summary judgment must fail. See *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50 (Tex.Sup. 1970). Plaintiffs' points are sustained.

The question of whether the allegations in plaintiffs' petition are sufficient to constitute the suit a "class action" is not before us in this appeal. We express no opinion thereon.

The judgment of the trial court is reversed and the cause is remanded to that court for further proceedings.

REVERSED AND REMANDED.