Lawrence BYKE et ux., et al., Appellants,

v.

CITY OF CORPUS CHRISTI, Appellee.

No. 1305.

Court of Civil Appeals of Texas, Corpus Christi.

June 22, 1978.

Rehearing Denied Aug. 29, 1978.

Michael W. Williams, Corpus Christi, for appellants.

Gerald L. Benadum, James R. Bray, Jr., Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

The precise question presented by this appeal is whether a district court has jurisdiction of the cause where the plaintiffs in their original petition, did not allege jurisdictional facts and an amended original petition was subsequently filed that, by adding new plaintiffs and aggregating all claims, did allege jurisdictional facts. This is the second time that this, a suit to recover discounts on ad valorem taxes which were paid to the City of Corpus Christi prior to delinquency, has been before this Court. The plaintiffs Lawrence E. Byke and wife, Martha Byke, filed this suit in the District Court of Nueces County on October 22, 1974. It was docketed as Cause No. 74–3590. The plaintiffs purported to file a class action on behalf of "themselves and all other persons who have made or who would make advance ad valorem tax payments to the defendant and who have had monies in the amount of discounts allowable to them wrongfully retained by the defendant". The discounts sued for were those to which they were allegedly entitled "in 1973 and in years previous thereto". The original petition clearly denominated the suit as an action for the recovery of money; it did not allege a specific sum of money sought to be recovered by the plaintiffs Byke, individually, or a specific sum of money sought to be recovered by the class for whose benefit the suit was ostensibly brought. The petition was challenged in the trial court by a plea to the jurisdiction, although the same was never presented to the trial court for a ruling thereon prior to the rendition of a take nothing judgment, hereinafter discussed. Both the plaintiffs Byke and the defendant City of Corpus Christi filed motions for summary judgment; the trial court granted the defendant's motion and denied the plaintiffs' motion. Judgment was rendered on March 10, 1976, that plaintiffs "take nothing by their suit". This Court reversed the judgment of the trial court and remanded the cause on September 16, 1976. See *Byke v. City of Corpus Christi*, 541 S.W.2d 661 (Tex.Civ.App.—Corpus Christi 1976, no writ). There, we held that the plaintiffs' petition did not invoke the jurisdiction of the district court, and since the trial court did not have jurisdiction of the cause, it was reversible error to render a take nothing judgment. Under the record as it existed on March 10, 1976, the only judgment which could have been rendered by the trial court was a judgment of "dismissal" because of lack of jurisdiction of the subject matter of the suit, and not a "take nothing" judgment. The judgment of the trial court was, therefore, reversed and the cause "remanded for further proceedings", under the authority of *Campsey v. Brumley*, 55 S.W.2d 810 (Tex.Comm'n App.1932, holdings approved).

After the mandate from this Court was received by the trial court on December 29, 1976, a petition was filed in Cause No. 74–3590, entitled "Plaintiffs' First Amended Original Petition", wherein five persons in addition to the plaintiffs Byke were named as plaintiffs. It was alleged that the defendant, by refusing to allow discounts for the years 1971, 1972, 1973 and 1974, caused plaintiffs "and others similarly situated" damages "in excess of $500.00 when the amount of damages are aggregated and computed pursuant to Article 1906a, V.A.T.S.". That petition was filed on December 30, 1976.

The last petition filed in Cause No. 74–3590 is entitled "Plaintiffs Third Amended Original Petition". It was filed on March 8, 1977. Lawrence Byke and wife, Martha Byke, W. H. Hammonds, John Mendleski, Clyde J. Jackson and Charles A. Nichols were named as plaintiffs therein. The plaintiffs also purported to "bring this action as a class action". The discounts sued for by all plaintiffs named in that petition were for the years 1970, 1971, 1972 and 1973. It was alleged that each plaintiff was entitled to a recovery of the following sums of money, exclusive of interest, to-wit:

| W. H. Hammonds | $454.03 |
|---|---|
| John Mendleski | 15.95 |
| Charles A. Nichols | 22.63 |
| Clyde J. Jackson | 8.55 |
| Lawrence Byke, et ux | 3.36 |

The City, in response to the original petition and also to the third amended original petition, among other pleas, filed pleas to the jurisdiction. Such a plea, which was not presented to the trial court prior to the rendition of the summary judgment, was so presented after the aforesaid mandate was received by the trial court and prior to the rendition of the judgment of dismissal, which is now before us in this appeal. It is urged in this Court.

The trial court dismissed Cause No. 74–3590 by an order which was signed on July 14, 1977. The Order of Dismissal recited, in part:

"WHEREAS, the pleadings, admissions, and affidavits of the parties, which were before this Court on defendant's Motion for Summary Judgment and which were again placed before this Court by the remand from the Honorable Court of Civil Appeals, demonstrate conclusively that the named Plaintiffs could not in good faith, and did not, allege an amount in controversy within the jurisdictional requirements of this Court;

It is therefore ordered, adjudged, and decreed that this action be dismissed without prejudice nunc pro tunc, to appear of record as of December 29, 1976, for the reason that this Court had no jurisdiction of the subject matter of the suit, and therefore had no alternative upon remand other than to dismiss the suit, and that all costs of Court be taxed against Plaintiffs."

The Bykes, Hammonds, Mendleski, Nichols, and Jackson have appealed.

In the case of *Long v. City of Wichita Falls*, 142 Tex. 202, 176 S.W.2d 936 (1944), the *original* plaintiffs were Bill Long and seven others. They joined in a single petition, the original petition, and filed suit; each sued for himself to recover the sum of money alleged to be owing for overtime services performed as a fireman for the City. One of the questions presented was whether the court had jurisdiction of the claim of $154.50 sued for by the plaintiff W. J. Stone. The trial court rendered judgment for all of the plaintiffs. The Court of Civil Appeals (167 S.W.2d 792) reversed the judgment of the trial court, remanded the suit of the plaintiff Stone "with instructions to dismiss same", and rendered judgment that the remaining plaintiffs take nothing by their suit. The Supreme Court affirmed the judgment of the Court of Civil Appeals. In doing so, Chief Justice Alexander, speaking for the Court, stated that Stone's claim was not within the jurisdiction of the trial court. He further said (176 S.W.2d pages 939–940 of the published opinion):

". . . [S]tone seeks to maintain jurisdiction under Rule 40, Texas Rules of Civil Procedure. It was not the intention

of this rule to change or enlarge the jurisdiction of the various courts of this State. In fact, there was no attempt to do so.

It seems to be a very well established rule that even though separate and distinct claims owned by different parties are such as may be joined in the same suit under Rule 40, if one of them is below the jurisdiction of a court it cannot be brought within the jurisdiction of such court by joining it with one that has the required jurisdictional amount . . ."

Tex.Rev.Civ.Stat.Ann. art. 1906a was enacted by the 45th Legislature and became effective on June 14, 1945. The caption reads:

"An act giving a method of computing amount in controversy for jurisdictional purposes, where parties properly join[ed] in one suit; and declaring an emergency."

The statute, insofar as it bears on this appeal, provides:

"Section 1. Where two or more persons *originally* and *properly* join in one suit, the suit for jurisdictional purposes shall be treated as if one party were suing for the aggregate amount of all their claims added together, exclusive of interest and cost; . . ." (emphasis supplied)

Section 2. The fact that the provisions of this Act are necessary to correct a jurisdictional defect discussed by the Supreme Court in the case of *Long v. City of Wichita Falls*, reported in 176 S.W.(2d) creates an emergency . . ."

In *Texas Employment Commission v. International U. OF E., R. & M. Wkrs.*, 352 S.W.2d 252 (Tex.Sup.1961), the claims to unemployment compensation of eighty-eight persons were involved. The claimants *joined* in the *original* petition to recover the claims alleged to be owing to each of them. The claim of each named plaintiff was approximately $25.00, but, when aggregated, amounted to more than $500.00. It was held that the district court had jurisdiction of the suit. The Court, speaking through Mr. Justice Steakley, at page 254 of the published opinion, said:

"Respondents were *originally* and properly joined and the statute (Art. 1906a) makes the aggregate amount controlling for jurisdictional purposes. Article 1906a was enacted for the express purpose of curing what the Legislature described as a 'jurisdictional defect' in *Long v. City of Wichita Falls*, 142 Tex. 202, 176 S.W.2d 936; the 'defect' was the holding in *Long* that the claims of several plaintiffs cannot be added together to achieve a jurisdictional amount . . ." (emphasis supplied).

In the case at bar, the claims asserted by the plaintiffs-appellants were properly joinable under Rule 40, T.R.C.P. But the question to be resolved is not one of proper joinder of claims, but whether the plaintiffs could join for jurisdictional purposes by an *amended* petition.

Jurisdiction of the subject matter relates to the power of a court to hear and determine a controversy. It attaches when the original petition is filed provided the petition states facts which affirmatively show the jurisdiction of the court in which the action is brought. *Richardson v. First National Life Insurance Co.*, 419 S.W.2d 836 (Tex.Sup.1967). As a general rule, if the original petition does not affirmatively allege jurisdictional facts concerning the subject matter of the suit, or is such that it is impossible to show jurisdictional facts, even though the petition has been docketed by the clerk of the court, the only jurisdiction which the court has is to dismiss the suit for want of jurisdiction. 21 C.J.S., Courts, § 34. The only exception to that rule which we have been able to find is where the plaintiff's claim for recovery of money is, in fact, above the minimum jurisdictional amount, but through inadvertence he has alleged an amount in his original petition which is below such minimum; in that instance, the plaintiff has the right to amend in order to allege the real facts, which show that the amount of money sought to be recovered by the plaintiff at the time he filed the suit was within the jurisdiction of the court. The reasons for the exception are that the case made by the original peti-

tion was not, in all respects, the case that the plaintiff was entitled to be heard upon, and the case was improperly stated in a vital particular, whereas, had it been properly stated in the original petition, the plaintiff would have been in a court which had jurisdiction of the subject matter. *McDannell & Co. v. G. P. Cherry et al,* 64 Tex. 177 (1885). The case presented here does not fall within the exception. There is not the slightest suspicion that the plaintiffs Byke, in their original petition, improperly alleged any fact, or that any allegations of fact contained therein were made due to inadvertence or mistake. On the other hand, it is conclusively established by the record that the amount of money sought to be recovered by the Bykes, individually, exclusive of interest, for the years in question, was less than $5.00, and, they, of themselves, made no attempt, by an amended pleading, to allege facts which would have invoked the jurisdiction of the district court with respect to the claims asserted solely by them.

■ Jurisdiction does not relate to the rights of multiple plaintiffs as between themselves. It is distinguished from procedure in that "jurisdiction" (of the subject matter) relates to the power of a court to entertain the suit, consider the merits and render a valid judgment, while "procedure" relates to the form or manner in conducting the suit. 21 C.J.S., Courts, § 15.

The Texas Rules of Civil Procedure do not have any bearing on the jurisdiction of a court concerning the subject matter of a lawsuit. While the Rules are to be liberally construed to carry out their objectives, it is expressly provided that they shall not be construed to extend or limit the jurisdiction of the courts of this State. Rule 816, T.R.C.P.; *Moritz v. Byerly,* 185 S.W.2d 589 (Tex.Civ.App.—Austin 1945, writ ref'd); *Oates v. Blackburn,* 430 S.W.2d 400 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). Jurisdiction in civil matters of the several courts of this State is allocated by our State Constitution and the statutes consistent therewith, not by the Rules of Civil Procedure.

In order to resolve the issue here presented, we must determine whether the Legislature, in using the word "originally" in the statute, intended that the aggregating of claims in order to achieve a jurisdictional amount be done by the filing of an *original* petition, or did it intend that the aggregating for jurisdictional purposes could be accomplished by an amended petition, such as has been attempted in this case.

In harmony with the settled rules of statutory construction, words of a statute are accorded the meaning that comports with the legislative intent, and words in common use will generally be given their plain, natural and ordinary meaning, unless a contrary intent is clearly apparent from the context of the statute. 53 Tex.Jur.2d, Statutes, § 148. It is also settled law that, so long as the language used by the Legislature in the statute is unambiguous, a court is not justified in departing from the commonly accepted meaning of words contained therein, either for reasons of public policy or because of the consequences of a construction that observes the usual, natural and conventional meaning of the words. *Winder v. King,* 1 S.W.2d 587 (Tex.Comm'n App. 1928); *City of Lubbock v. Stubbs,* 278 S.W.2d 519 (Tex.Civ.App.—Amarillo 1954, writ ref'd n. r. e.).

Concerning statutory construction, it was said in *Eddins-Walcher Butane Company v. Calvert,* 298 S.W.2d 93, 96 (Tex.Sup.1957):

"Every word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase and word be given effect if reasonably possible (citing authorities). This rule is not altered by the fact that the Legislature has not defined a particular word or phrase, and in the absence of such a definition the words of the enactment will usually be given their ordinary meaning . . . ."

■ While the caption of an Act of the Legislature may be of assistance in ascertaining legislative intent, it is not a part of the statute in the sense that resort to it may be had to control the meaning of clear

and unambiguous language which appears in the body of the Act. *Sutherland et al v. De Leon,* 1 Tex. 250 (1846). When the courts abandon the plain, ordinary and customary meaning of words in common usage, statutory construction rests upon insecure and obscure foundations at best; the courts have no concern with the wisdom of the enactment of a statute, since their only concern is to ascertain the intent of the Legislature and to give effect to that intent if constitutionally possible, although to the courts it may appear that the legislation is ill advised or impracticable. *State Board of Insurance v. Betts,* 315 S.W.2d 279 (Tex. Sup.1958).

The word "originally" is not a legal term but is one of common usage. It is defined in Webster's Third International Unabridged Dictionary, p. 1592 (1968): "from the first; in the beginning; in the first place; initially." It is not defined in the Act. It is not ambiguous. Therefore, we must presume that the word "originally" was used intentionally, with care and deliberation, and with the usual meaning and purpose; we must further presume that if the Legislature had not intended "originally" to be given its plain and ordinary meaning, it would have said so, or would have used a different term, and would not have left the matter of legislative intent entirely to speculation or implication. 53 Tex. Jur.2d, Statutes, § 181, and the authorities therein cited. It is a "serious matter for a court to hold that the Legislature did not mean what it said". *State Board of Insurance v. Betts,* supra.

We consider the reference made by the Legislature to the necessity for correcting "a jurisdictional defect discussed by the Supreme Court" in the *Long* case, as it appears in the emergency clause of the Act, to be highly persuasive in ascertaining the legislative intent. It should be noted that in *Long,* the plaintiff Stone *originally,* by joining in the original petition along with the other plaintiffs, attempted to allege jurisdictional facts which showed that the trial court had jurisdiction of his claim ($154.50). The Supreme Court held that the trial court did not have jurisdiction of the claim made by Stone in his original petition, even though the total of the claims, when aggregated, would have been within the jurisdiction of the trial court. That ruling by the Supreme Court, based upon the *facts* alleged and in the posture of a lawsuit as originally filed, was what the Legislature intended to correct, and nothing more.

The term "original petition" signifies the *first* pleading in an action whereby the plaintiff invokes the adjudication of his demand. An "amended petition" is an entirely new pleading which completely supersedes and displaces the petition that it amends. Its function "is to add to, or withdraw something from, that which has been previously pleaded so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment, or to plead new matter, additional to that formerly pleaded by the amending party, which constitutes an additional claim or defense permissible to that suit." Rule 62, T.R.C.P. In the case at bar, the addition of new parties and new claims, obviously for the sole purpose of stating a proper jurisdictional amount, does not add to anything that the Bykes alleged in their original petition. Since facts required to show jurisdiction were not alleged in the original petition and, consequently, the trial court did not have jurisdiction to hear the case and render a valid judgment thereon, there was no way to perfect the original petition in any deficiency. There was nothing to be corrected that had been incorrectly stated in the original petition; and the adding of new parties and new claims by the joining in of the additional plaintiffs in the amended petition did not constitute new matter or any claim "additional to that formerly pleaded" by the Bykes.

If jurisdiction of the court has attached by the filing of the original petition, amended petitions may thereafter be filed which add new plaintiffs, and when that is done the amended petition and the addition of new plaintiffs relate back to the date on which suit was originally filed insofar as

any jurisdictional question is involved. However that is not the case where the original petition does not invoke the jurisdiction of the court when the suit is originally filed. In the absence of facts which bring the case within the exception already mentioned, the only jurisdiction the court has in that situation is to dismiss the suit for want of jurisdiction. There is no authority for the filing of an amended petition which, in order to affirmatively state jurisdictional facts, aggregates claims. Nor is there any authority for such an amended petition to relate back to the date the suit was first filed so as to establish jurisdiction which was originally wanting. Procedures authorized and sanctioned by the Rules of Civil Procedure cannot be used, by analogy or otherwise, as an aid in determining legislative intent. Jurisdiction of a court is one thing and the amendment of a pleading pursuant to the Rules is something else.

We think that the Legislature, for the purpose of computing the amount in controversy for jurisdictional purposes, intended to permit the aggregating of claims to achieve a jurisdictional amount only in the instance where the plaintiffs join in the filing of an *original* petition. We do not believe that the Legislature intended that a plaintiff be permitted to first file an original petition which does not affirmatively allege facts which show jurisdiction, and at a later date to file an amended petition which brings in new parties as plaintiffs and new claims, so that the aggregate amount of the claims asserted by all plaintiffs in the amended petition is within the court's jurisdiction, and, at the same time, to have the cause, with respect to jurisdiction, relate back to the date the suit was first filed. Any other construction of the statute would require us to read out the word "originally" from the statute. This, we refuse to do. The words "Where two or more persons originally . . . join in one suit" can only relate to the *commencement* of an action by the filing of an original petition, and not to the amendment of that petition. If the Legislature had intended otherwise, it would not have used the word "originally" in the Act.

We hold, under the circumstances here presented, that the amounts of discounts sought to be recovered by Hammonds, Mendleski, Jackson and Nichols, the "additional plaintiffs", cannot be added to the amount of discounts sought to be recovered by the Bykes, by way of an amended petition, in order to place the total amount of money in controversy within the jurisdiction of the district court of the cause as originally filed. They were not *originally* joined as plaintiffs. See *Texas Employment Commission v. International U. of E., R. & M. Wkrs.,* supra. The trial court properly dismissed Cause No. 74–3590. *Williams v. Wyrick,* 245 S.W.2d 961 (Tex.Sup.1952); *Campsey v. Brumley,* 55 S.W.2d 810 (Tex. Comm'n App.1932, holdings approved); *City of Beaumont v. West,* 484 S.W.2d 789 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r.e.). We have considered all of plaintiffs' points of error and they are overruled.

The judgment of the trial court is AFFIRMED.

NYE, Chief Justice, dissenting.

I respectfully dissent. The majority says that if you do not file your first petition with properly joined parties whose claims aggregate the minimum jurisdictional amount, the trial court can do nothing but dismiss the lawsuit. I disagree.

The factual background of the case has been properly set out in the majority's opinion. The sole question is legislative construction of a statute whose express purpose was to give a method of computing the amount in controversy for jurisdictional purposes, where two or more parties are properly joined in one suit.

Title 40 of our statutes concerns our District Courts. Chapter three addresses the Powers of the District Judge and the Jurisdiction of the District Court. The first article under Chapter 3 is Art. 1906 which speaks of "original jurisdiction". It starts off by saying, "The district court shall have original jurisdiction in civil cases of:". It then enumerates the specific different types of civil cases of which the District

Court has original jurisdiction. Article 1906 was amended in 1945 by Art. 1906a which permitted two or more persons to add their claims together so as to reach the jurisdictional amount required for a district court.

The majority takes the literal meaning of the word "originally" (in the amended article) and construes it strictly so that if two or more persons do not join together in the very first instant their claims totaling an aggregate amount that would give the District Court (at the outset), their suit must be dismissed and cannot ever be amended.

If the term "originally" is ambiguous and the meaning of the lawmakers is uncertain, it should be construed liberally in such a way that the public's interest can better be served. However, I believe that term "originally" as here used applies directly to the District Court that has original jurisdiction as opposed to appellate jurisdiction. The word "originally" in 1906a refers to the word "original" in 1906. When you continue reading the statute with the other articles in Chapter three about jurisdiction, the very next article refers to appellate jurisdiction instead of original jurisdiction. The Legislature was referring to the joinder of parties for jurisdictional purposes in district court suits under Art. 1906. It was talking about "original jurisdiction" and not about the first original petition of the parties as the majority would have us believe. Black's Law Dictionary says this about original jurisdiction: "Jurisdiction in the first instance; jurisdiction to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts. This is distinguished from *appellate* jurisdiction." (See Black's Law Dictionary, 4th Edition, p. 1251).

The Legislature, when it was referring to the joinder of parties in District Court suits, required such joinder to be done in the District Court of original jurisdiction. If the parties were properly joined (under Rule 40, T.R.C.P.) and if the aggregate amount of all of their claims when added together (exclusive of interest and costs) gave the District Court jurisdiction, it could proceed to trial and judgment. Article 1906 and the amendment by Art. 1906a when read together would read: Where two or more persons who file one of the seven types of enumerated civil cases in the district court which has original jurisdiction and such persons are properly joined in one suit, the suit for jurisdictional purposes shall be treated as if one party were suing for the aggregate amount of all of the claims added together, exclusive of interest and cost.

It is not necessary for this Court to construe this article. The Supreme Court, in a unanimous opinion has already construed it. It said, "Article 1906a was enacted for the express purpose of curing what the Legislature described as a 'jurisdictional defect' in *Long v. City of Wichita Falls,* 142 Tex. 202, 176 S.W.2d 936; the 'defect' (the Supreme Court goes on to say) was the holding in *Long* that the claims of several plaintiffs cannot be added together to achieve a jurisdictional amount." *Texas Emp. Com'n v. International U. of E., R. & M. Wkrs.,* 352 S.W.2d 252 (Tex.Sup.1961). The Supreme Court did not say that if this adding together was not done in the first original petition, the case had to be dismissed.

After the Supreme Court's holding in *Long* in 1944, the Legislature in 1945 amended Article 1906 to cure this jurisdictional defect by stating in its preamble that this act gives a method for computing the amount of controversy for jurisdictional purposes where parties were *properly* joined in one suit. It says nothing about originally in the first petition.

The majority says, in effect, that the question to be resolved is not one of proper joinder of claims in a court that has original jurisdiction, but whether the plaintiffs can join for jurisdictional purposes other parties by an *amended petition* to give the trial court the required amount for jurisdictional purposes. They answer this question by saying it can't be done because the first original petition lacked the required dollar amount. An original petition may be amended many times (see Rule 63), and may now be amended without leave of the

court as a matter of right when filed seven days or more before trial. It is the last amended and/or supplemental petition on which the parties go to trial. It does not make sense that the Legislature was going into the rule-making process by prohibiting a party from amending his original petition so as to join other claims and other parties in order that the aggregate amount would give the trial court jurisdiction.

It does not seem sensible to require a District trial court to dismiss a lawsuit and require the parties to refile a new suit instead of amending their petition, even if in the first instance the pleader made a typographical mistake and failed to plead the jurisdictional amount. There is no other situation in the law of this State or any other state that I could find that prohibits a party from amending his petition. The majority cites no authority for its statement that you can amend your petition only if you alleged proper jurisdiction in your very first petition. The many unsupported statements in the majority's opinion lead to many absurdities in the law.

If what the majority now says is true, why didn't they enter the judgment that the trial court should have entered the first time the case came up here on appeal. (*Byke v. City of Corpus Christi*, 541 S.W.2d 661 [Tex.Civ.App.—Corpus Christi 1976, no writ]). Finding as we did that the judgment had to be reversed, the majority should have dismissed the case under authority and in obedience with Rule 434, T.R.C.P.

> "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

It would have saved the parties a lot of time, trouble and expense. Instead this court ruled that: "The judgment of the trial court is reversed and the cause is re-

manded to that court for further proceedings." That indicated to me, and it still does, that the plaintiff was free to amend, a choice the trial court should have given the plaintiff in this second trial. Instead, the majority would have us affirm that portion of the trial court's second judgment which states:

> "that the named Plaintiffs *could not in good faith, and did not*, allege an amount in controversy within the jurisdictional requirements of this Court". (emphasis supplied.)

This is not true. The plaintiffs did, in fact, amend in good faith. They did allege an amount within the jurisdictional requirements of the District trial court. However, the trial court dismissed their suit.

I believe it is also error to affirm that part of the trial court's judgment that dismissed the case (without prejudice), but backdating its dismissal judgment with a judgment nunc pro tunc to December 29, 1976.