Honorable Bob Davis Chairman Committee on Ways and Means House of Representatives Austin, Texas
Re: Whether a city charter provision directing that the city shall allow discounts for advance payments of taxes mandates the allowance of discounts under article 7255b, V.T.C.S.
Dear Representative Davis:
You have requested our opinion regarding whether a city charter provision directing that a city shall permit discounts for advance payment of taxes mandates the allowance of discounts under article 7255b, V.T.C.S.
Article 7255b provides, in pertinent part:
 All taxpayers shall be allowed discounts for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions:. . . . Provided, however, that the provisions of this section shall not apply to . . . cities . . . unless and until the governing body of such . . . cities . . . by ordinance, resolution or order, shall adopt the provisions hereof. . . .
Article 7, section 6 of the charter of the City of Corpus Christi provides:
 The City Council shall have the power to provide for the prompt collection of taxes; prescribed when taxes are due; when delinquent; prescribe penalties and interest for delinquent taxes; and shall allow discounts for advance payment of taxes, not to exceed the sums provided by general law and Article VIII, Section 20, Constitution of Texas. . . .
Although the charter has recently been amended, your question and our answer are directed to the prior language set out above. If a city elects to provide discounts for advance payment of taxes, the statute requires that the city's governing body `adopt the provisions' of article 7255b, V.T.C.S., `by ordinance, resolution or order.' Likewise, the city charter provision is not self-enacting. Rather, it requires the city council to `allow discounts for advance payment of taxes.' You indicate that on October 7, 1939, the city council enacted ordinance number 1006, allowing discounts for the 1939 tax year, but that the council has not since enacted a similar ordinance. See Byke v. City of Corpus Christi, 541 S.W.2d 661, 664 (Tex.Civ.App.-Corpus Christi 1976), app. after remand, 569 S.W.2d 927 (Tex.Civ.App.-Corpus Christi, 1978, writ ref'd n.r.e.). Discounts were permitted through the 1955 tax year, when they were discontinued. You ask whether taxpayers of the City of Corpus Christi are currently entitled to discounts.
Article 7255b, V.T.C.S., makes clear that discounts for advance payment of taxes are permissible only if the city council adopts the provisions of the statute. The city charter provision requires the city council to allow discounts. The city council has not affirmatively acted to allow discounts since 1939, however. When a provision of fundamental law such as a constitution or charter is not self-enacting, only the legislative branch can implement its provisions. See City of Corpus Christi v. City of Pleasanton, 276 S.W.2d 798 (Tex. 1955). In order to fulfill the charter's directive, the council would need to enact an ordinance granting discounts. In order to comply with article 7255b, such ordinance should adopt the provisions of that statute. When and if the council has acted thusly, taxpayers of Corpus Christi will then be entitled to receive a discount for advance payment of taxes.
 SUMMARY
A city may allow discounts for advance payment of taxes only if its governing body adopts the provisions of article 7255b, V.T.C.S. Although the city charter directs that it grant a discount for advance payment of taxes, the city council of Corpus Christi has not done so.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General