Honorable Henry Wade Criminal District Attorney Condemnation Section Sixth Floor, Records Building Dallas, Texas 75202
Re: Representation of corporations by non-attorneys in small claims court
Dear Mr. Wade:
You ask for a re-examination of our conclusion in Attorney General Opinion MW-312 (1981). In this opinion, we concluded that a corporation must be represented by an attorney in county court or county court at law in cases involving an appeal to that court from the small claims court. Attorney General Opinion H-538 (1975) concluded that a non-lawyer could represent a corporation in small claims court. This result was based on the specific statutory language of section 2 of article 2460a, V.T.C.S., as well as the policies underlying the small claims court statute. Attorney General Opinion MW-312 (1981) found no statutory authority for a non-lawyer to represent a corporation on appeal from the small claims court to the county court. Section 12 of article 2460a, the statute governing the small claims court, provides that a party could appeal to the county court or county court at law "in the same manner as is now provided by statute for appeals from the justice court to the County Court." Thus, Attorney General Opinion MW-312 concluded that the trial de novo in county court would be governed by Rule 7 of the Texas Rules of Civil Procedure, which permits individuals, but not corporations, to represent themselves in court. Globe Leasing, Inc. v. Engine Supply and Machine Service, 437 S.W.2d 43 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ).
You suggest that section 13 of article 2460a should require a different result. This statute provides in part:
 The trial on appeal shall be de novo, but no further pleadings shall be required and the procedure shall be the same as that herein prescribed for the Small Claims Court. (Emphasis added).
We do not believe this language authorizes a non-attorney to represent a corporation in the trial de novo in county court on appeal from the small claims court. Section 2 of article 2460a, V.T.C.S., the statutory basis for the non-lawyer's appearance in small claims court, provides for the jurisdiction of the small claims court. Section 2 does not establish procedure to be followed in the trial de novo on appeal. See Byke v. City of Corpus Christi, 569 S.W.2d 927, 931 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.). In our opinion, `procedure' in the context of section 13 refers to pleadings, evidence, and the judge's role in the trial. V.T.C.S. art. 2460a, §§ 7, 9, 11. It does not determine who can practice in county courts. As we concluded in Attorney General Opinion MW-312, a corporation must be represented by an attorney in county court or county court art law in cases involving an appeal to that court from the small claims court.
 SUMMARY
A corporation must be represented by an attorney in county court or county court at law in cases involving an appeal to that court from the small claims court. Section 13 of article 2460a, V.T.C.S., does not require a contrary result.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Garrison Assistant Attorney General