Lewis M. SPENCER, Appellant,

v.

ALLIED VAN LINES, Appellee.

No. 06–96–00038–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 3, 1996.

Decided Dec. 6, 1996.

Monty G. Murry, Murry & Griffin, Texarkana, for appellant.

Robert L. Ramey, Chris Faucett, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

GRANT, Justice.

Lewis M. Spencer sued Allied Van Lines for personal injuries. Allied filed a motion for summary judgment, which the trial court granted, and Spencer appeals. Spencer's sole point of error is that because Allied failed to show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the trial court's granting of summary judgment was error.

Spencer, an employee of Wadley Regional Medical Center, assisted a tractor-trailer driver in unloading boxes delivered to Wadley on October 5, 1992. The driver dropped a box to Spencer and injured him. Spencer contends the tractor-trailer was Allied's. Allied contends it was not.

A party moving for summary judgment has the burden of establishing both the absence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990). A defendant movant can prevail by establishing conclusively against the plaintiff one factual element of each theory the plaintiff pleaded. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed issue of material fact exists precluding summary judgment, an appellate court views all evidence in the light most favorable to the nonmovant and resolves all doubts in his favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985). If any theory advanced in a motion for summary judgment supports the granting of summary judgment, a court of appeals may affirm, regardless of whether the trial court specified the grounds on which it relied. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623 (1996).

Allied based its motion on a single theory: the tractor-trailer was not Allied's. Allied contends that this is a case of mistaken identity and that Spencer's testimony identifying the tractor-trailer as Allied's is mere speculation. Allied urged that there was no evidence to support the claim that the tractor-trailer was Allied's. To support this theory, Allied makes the following two arguments: (A) Spencer described the tractor-trailer as blue and white with a red logo or symbol; and (B) Allied made no shipment to Wadley on October 5.

Attached to Spencer's affidavit as Exhibit "A" was Allied's Vehicle Graphics Standards. The affidavit states that the tractor-trailer had markings identical to the tractor-trailer shown in the Vehicle Graphics Standards and could have been orange with black lettering. Allied contends that while Allied tractor-trailers are orange and yellow with black

lettering, the tractor-trailer making the delivery to Wadley was blue and white with a red logo or symbol.

To establish that the tractor-trailer involved was blue and white with a red logo or symbol, Allied relies on Spencer's deposition, attached to Allied's motion. In his deposition, Spencer answered questions concerning the color of the tractor-trailer as follows:

(1) "... it was blue and white. I mean, with the, whatever the Allied Van Line colors are."

(2) "... yellow or whatever color Allied Van Line is. I don't know what color they are ..."

(3) "No, I don't remember."

(4) "I'm not sure."

(5) "Whatever color Allied Van Line is, whatever their company colors are and their logos are."

(6) "If I'm not mistaken their colors are blue and white ... with a red something."

■ A court must grant summary judgment not on the nonmovant's default, but on the merit of the summary judgment proof the movant adduces. *Byke v. City of Corpus Christi,* 541 S.W.2d 661 (Tex.Civ.App.—Corpus Christi 1976, no writ). Therefore, summary judgment based on Spencer's failure to identify the tractor-trailer's color would be improper. Allied had the burden to prove conclusively that the tractor trailer was not Allied's. If a motion for summary judgment involves the weight of showings or mere ground of inference, the motion should not be granted. *Bridges v. Farmer,* 483 S.W.2d 939 (Tex.Civ.App.—Waco 1972, no writ) (citing TEX.R.CIV.P. 166a).

Therefore, summary judgment was not proper if it involved either: (1) the weight of his showing that the tractor-trailer was Allied's; or (2) an inference that because he thought the tractor-trailer might have been blue and white, it was not Allied's.

■ If a nonmovant's deposition and affidavit opposing summary judgment definitely provide a basis for conflicting inferences, a fact issue arises. *Randall v. Dallas Power & Light Co.,* 752 S.W.2d 4 (Tex.1988). Therefore, if Spencer's deposition and affidavit definitely provided a basis for conflicting inferences, summary judgment was improper.

■ Spencer's affidavit stated that the tractor-trailer he was helping unload when the accident occurred, "had identical markings to the tractor-trailer shown in Exhibit 'A'." Exhibit "A" pictured trucks with Allied's name and markings on them; therefore, he presented summary judgment proof that the tractor-trailer was Allied's. Summary judgment should not be granted on his failure to remember the color of the tractor-trailer. Viewed in the light most favorable to the nonmovant, the summary judgment proof shows that Spencer did not know the color of the tractor-trailer and believed, but was not sure, that Allied tractor-trailers were blue and white. This evidence did not establish conclusively that the tractor-trailer was not Allied's; therefore, this ground for summary judgment fails.

Second, Allied contends that no evidence supports Spencer's claim that Allied delivered a shipment to Wadley on October 5. Allied contends that Spencer failed to produce copies of any documents identifying Allied as a shipper of goods at Wadley on October 5.

Allied attached to its motion pages of internal records it claims show that Allied made no shipments or deliveries to Texarkana, Texas on October 5. First, evidence favoring the movant is not considered unless it is uncontradicted. Spencer's affidavit identifies the truck as one having the same markings as Allied's tractor-trailer, as shown in Exhibit "A." This was sufficient to controvert Allied's summary judgment proof denying that it was Allied's truck.

EXHIBIT A

Second, neither Allied's motion nor its affidavit explains, nor is it patently clear, how these pages show that no shipments were made to Texarkana. Allied has not established conclusively that it made no shipments to Wadley on October 5; therefore, this ground for summary judgment fails.

Allied's sole ground for summary judgment was that the tractor-trailer involved was not Allied's. Allied did not conclusively establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law; therefore, the judgment is reversed and remanded for trial.